## MAYOR, ETC., OF THE CITY OF NEW YORK *v.* EHRSAM *et al.*

*(Common Pleas of New York City and County, General Term.*  December 7, 1891.)

DISORDERLY PERSONS—SUPPORT OF FAMILY—RECOGNIZANCE—FORFEITURE.

Laws 1882, c. 410, (Consolidation Act,) §§ 1455, 1456, provide that where a person has been convicted of being a disorderly person, or of having threatened to abandon, or having actually abandoned, his family in the city of New York, without adequate support, or in danger of becoming a burden on the public, the magistrate convicting shall order a specified sum to be paid to the commissioners of charities and corrections weekly for the support of his family, such order to be for the period of a year. *Held* that, where defendant was convicted under this act, and ordered to make such weekly payment, and another person entered into a recognizance that he should so pay it, failure to make the payments forfeited the recognizance, though defendant, before such failure, had offered to live with his wife and support her, which offer she declined.

Motion for reargument, or for leave to go to the court of appeals. Denied. For prior reports, see 14 N.Y. Supp. 959, 15 N. Y. Supp. 975.

Argued before DALY, C. J., and BISCHOFF, J.

*Louis Hanneman,* for plaintiff. *Jas. Murphy,* for defendant.

DALY, C. J.  As to the motion for reargument, it does not appear that the court in disposing of the appeal in this case overlooked the statutes and decisions cited by appellant. The consolidation act provides that where a party is convicted of being a disorderly person, or of having threatened to abandon, or having actually abandoned, his family, wife, or child in the city of New York, without adequate support, or in danger of becoming a burden upon the public, or of having neglected to provide, according to his means, for his family, the magistrate convicting shall make an order specifying a certain sum to be paid to the commissioners of charities and corrections of said city, weekly, for and towards the support of the family of said defendant, such order to be for the period of one year. Consolidation Act,[1] §§ 1455, 1456. The Code of Criminal Procedure provides that where the magistrate is satisfied by competent testimony that the defendant is a disorderly person for having actually abandoned his wife or children without adequate support, or for leaving them in danger of becoming a burden upon the public, or neglected to provide for them according to his means, or threatened to run away and leave his wife or children a burden upon the public, he may require that the person charged give security by a written undertaking, with one or more sureties, approved by the magistrate, to the effect that such person will support his wife or children, and will indemnify the county, city, village, or town against their becoming within one year chargeable upon the public, and that the undertaking is forfeited by the commission of any of the acts which constitute the person by whom it was given a disorderly person. Code Crim. Proc. §§ 899–904. In this case the defendant Himmel was duly convicted on September 20, 1890, in the city of New York, before Police Justice Mc-MAHON, of being a disorderly person within the provisions above cited, and was ordered to pay the sum of six dollars weekly to the commissioners of public charities and correction of the city and county of New York towards the support of his family, for the period of one year from said date. Thereupon the defendant Ehrsam entered into a recognizance that Himmel should

[1] Laws 1882, c. 410.

be of good behavior towards the people of the state of New York for the space of one year then next ensuing the said date, and should pay to the said commissioners weekly, and every week; the said sum. Himmel did not pay the said sum, and this action was brought to enforce the penalty of the said recognizance, which was for $250. The defense was that in November and December, 1890, and before and since, defendant Himmel had made proffers to his wife to live with her and support her, which offer she declined, and that said Himmel therefore had not abandoned his wife or children without adequate support, or left them in danger of becoming a burden upon the public, or neglected to provide for them according to his means. The justice refused to receive evidence in support of such defense, and upon proof that the husband had neglected to pay the six dollars weekly as ordered upon his conviction, gave judgment upon the recognizance, from which judgment this appeal was taken.

All the questions which the appellant seeks to raise upon this motion for reargument were duly considered by the general term in passing upon the appeal and in affirming the judgment. The questions as to whether the recognizance was authorized by law, and whether the defense interposed was available to the surety, were passed upon. It was held that the recognizance was authorized by the Criminal Code, as modified by the provisions of the consolidation act, making special provision for the city and county of New York; following the decision of the general term of this court in *People* v. *Bracco,* (January, 1886.)[1] The failure to pay the weekly sum specified in the order of conviction was a breach of the undertaking. It was a failure to provide for his wife, and the commission of an act constituting Himmel a disorderly person. The case of *People* v. *Pettit,* 74 N. Y. 320, cited by the appellant, has no application, because the conviction there was not in the city of New York, and consequently there was no order for the payment of a specified sum. The undertaking in that case followed the language of the Criminal Code, § 901, providing that the prisoner would support his wife and children; and it could be forfeited only by proof of his failure to do so, which proof could be combated by showing that the defendant had offered to support his wife if she would live with him. The court said that to maintain an action upon a recognizance given upon the conviction of a person as a disorderly person for neglecting to support his wife and children it must be made to appear that subsequent to the giving of the bond the person has been guilty of such neglect, and that the conviction is not evidence of a subsequent breach of the condition of the recognizance. This rule was not violated in the case before us. The conviction of Himmel was not held to be evidence of a subsequent breach of the condition of his recognizance; but proof of a failure to comply with the order made upon such conviction was held to be a breach. It was evidently the intention of the framers of the statute relating to the city of New York (Consolidation Act, §§ 1455, 1456) that upon the conviction of the offender the magistrate should determine what support he should give his wife, and make an order for the payment of a specified sum accordingly. The conviction is conclusive that he shall support his wife in that way, and no offer to furnish any other support for the period of one year specified in the statute can be received as a substitute for compliance with the order of the magistrate. As to the motion for leave to go to the court of appeals there seems to be no doubt of the correctness of the conclusion arrived at in this case on the part of the judges. They followed the decision of the general term in the case of *People* v. *Bracco,* above referred to. The practice of the police magistrates and of the district courts has been uniform on the subject, and the case is not of sufficient public importance to require its submission to the highest tribunal in the state. The motion should therefore be denied, with $10 costs.

[1] Not reported.