(24 Misc. Rep. 532.)

## PEOPLE ex rel. KELLAR v. SCHRADY.

(Court of General Sessions, New York County. September, 1898.)

HUSBAND AND WIFE—ADULTERY—SUPPORT.

Where relief in cross actions for divorce on the ground of adultery is denied because both parties are guilty, the husband is still liable for the support of his wife, in an action brought by the commissioner of public charities.

Appeal from city magistrate court.

Action by the people, on the relation of John W. Kellar, commissioner of public charities, against George Schrady. From a judgment of Henry A. Brann, city magistrate, holding defendant a disorderly person, for having abandoned his wife, and requiring him to contribute to her support, and to give bonds for his good behavior, he appeals. Affirmed.

Howe & Hummel, for appellant.

John Whalen, Corp. Counsel (Adrian T. Kiernan, of counsel), for respondent.

McMAHON, J. This is an appeal from a judgment of Hon. Henry A. Brann, city magistrate, holding the defendant a disorderly person, for having abandoned his wife, and requiring him to contribute to her support, and to give bonds for his good behavior. It is claimed by counsel for the people that "the case presents a novel question,—one that apparently has been recognized before and evaded in this country." On the hearing of the proceedings before the magistrate, it was conceded that judicial findings had been had in the supreme court declaring both the appellant and his wife guilty of adultery. Both parties had brought suit for a dissolution of the marriage contract on the ground of adultery. The relief claimed was denied in each case, because of the findings. It is now urged by the appellant in the case under consideration that he should have from an inferior court, namely, the city magistrate, part of that relief so denied; that is to say, that he should be relieved from his obligation to support his wife, and this because of her adultery, notwithstanding the fact of his own guilt.

The principal cases relied upon to support this contention are the cases of People v. Brady, 13 Misc. Rep. 294, 34 N. Y. Supp. 1118, and those that follow it. In People v. Brady, the judgment of the city magistrate holding the husband a disorderly person, and ordering him to pay a certain amount for the support of his wife, was reversed on the ground that the magistrate had erroneously excluded testimony offered by the husband to prove that his wife was guilty of adultery. Had such proof been admitted, it surely would have been competent for the wife to show, if she could, that the adultery was by the procurement or connivance of her husband, or that it had been legally condoned; and in such case it is not likely that the judgment compelling the husband to contribute to her support would have been set aside. The reversal was upon the ground of error in the exclusion of evidence.

There is but one case among those cited which is absolutely in point. In the English case of Needham v. Bremner, 1 L. R. C. P. 585,

it was shown that, in an action for divorce, both parties were found guilty of adultery, and the divorce was denied. The court held that the parties still remained husband and wife, and that the husband was liable for his wife's debts. The case is absolutely parallel. The contract of marriage differs from other civil contracts in this: that it cannot be dissolved by the mere consent of the contracting parties. Death or the decree of a competent tribunal alone can relieve the parties from its mutual obligations. In the case at bar, both parties sought such relief by decree, and it was denied, as neither came into court with clean hands. Are they not, therefore, in precisely the same position as before the suits were commenced? If so, the proceeding on the part of the people to compel the husband to provide for the support of his wife, in order that she may not become a public charge, is entirely proper, and the magistrate's decision clearly within the law. As before remarked, it seems that to hold differently would be to permit the city magistrate's court to furnish indirectly a part, at least, of the relief claimed, but denied in the supreme court. In Hunter v. Boucher, 3 Pick. 290, the court intimates that, while at common law the wife's adultery freed the husband from his obligation to support her, yet, if it had appeared that the husband was equally guilty, a distinction might have been made in the application of the rule; and in Needham v. Bremner, supra, the distinction is clearly made.

It is not necessary to consider or dispose of the question argued in the briefs of counsel as to whether the wife, as a party to the divorce suit, is not precluded by the decision therein from seeking such relief as is now claimed. It is enough to say that, while she may be interested in the result, she is in no wise a party to this proceeding, which is brought by a public officer, in the performance of a statutory duty, and for reasons of public policy. It is also a sufficient answer to all that has been said in cited cases as to the hardship of compelling a husband, innocent or guilty, to support a wife living in adultery or in open prostitution (not that either of these conditions appear in the present case), that the whole matter rests, not in the will or whim of the wife, but in the discretion of a public officer, duly sworn to the performance of duties strictly prescribed by law, and is subject to the decision of the courts.

Judgment affirmed.