(40 App. Div. 460.)

PEOPLE ex rel. KELLER v. SHRADY.

(Supreme Court, Appellate Division, First Department. May 19, 1899.)

1. FAILURE TO SUPPORT WIFE—ADULTERY—FINDINGS—EVIDENCE.
   In an action by the commissioner of public charities to compel defend-ant to furnish his wife support, a finding, in an action brought by defend-ant for divorce, that the wife was unfaithful to the marriage relation, will not exonerate him, without other evidence of her infidelity, where it is not shown that judgment was rendered on the findings, since the find-ing of a jury is not conclusive unless followed by judgment.

2. SAME.
   Where the husband was first guilty of adultery, the subsequent guilt of his wife will not release him from his duty to support her.

Appeal from court of general sessions, New York county.

Action by the people, on relation of John W. Keller, commissioner of public charities, against George Shrady. From a judgment of the court of general sessions of the peace for the city and county of New York affirming a judgment and order of a city magistrate convicting defendant of being a disorderly person for having abandoned his wife, and directing him to contribute to her support (53 N. Y. Supp. 964), he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, and PATTERSON, JJ.

David M. Neuberger, for appellant.
Adrian T. Kiernan, for respondent.

BARRETT, J. Upon the trial a certified copy of the findings of a jury in an action in the supreme court, brought by the defendant to

procure a divorce from the complainant, was introduced in evidence. The jury there found that both the defendant and the complainant had been guilty of adultery, the defendant's guilty acts being prior in point of time to that of the complainant. We do not think that these findings exonerated the defendant in the present proceeding. There can be no doubt of the general rule that the infidelity of the wife justifies the husband in separating from her, and thereupon terminates his obligation to support her. Not only does it preclude her from pledging her husband's credit for necessaries (Gill v. Read, 5 R. I. 343; Hunter v. Boucher, 3 Pick. 290), but it is a defense in proceedings brought in behalf of the public to compel him to support her, or to punish him for failing to do so (People v. Brady, 13 Misc. Rep. 294, 34 N. Y. Supp. 1118; Culley v. Charman, 7 Q. B. Div. 89; Rex v. Flintan, 1 Barn. & Adol. 227). We have here, however, no independent evidence of the complainant's infidelity. The defendant relies solely upon the verdict in the divorce action. Whether the verdict was subsequently sustained or set aside does not appear. We know nothing of any further proceedings in the case. There was no attempt to prove that judgment had been rendered upon the verdict. The findings of a court, or the verdict of a jury, even in an action between the same parties, is not conclusive unless actually followed by judgment. Springer v. Bien, 128 N. Y. 99, 27 N. E. 1076. But the present proceeding is not even between the same parties. The former defendant is, it is true, the present complainant; but the proceeding is brought by the people, on the relation of the commissioner of public charities, to compel the defendant to furnish the support necessary to prevent the complainant from becoming a public charge. The proceeding is between the people and this defendant. Nothing can stand in the way of such a proceeding save independent evidence of infidelity, or a decree of a court of competent jurisdiction severing the matrimonial tie. The findings of the jury were, it is true, put in without objection. That, however, does not affect their probative value. These findings simply inform us of the opinion of a jury upon undisclosed evidence,—an opinion which was in no wise binding upon those who were not parties to the record. Needham v. Bremner, L. R. 1 C. P. 583; People v. Brady, supra; Gill v. Read, supra. Even if there had been independent proof of the facts found by the jury, the result would be the same. It would then have appeared that the defendant, as well as the complainant, was unfaithful to the marriage relation; in fact, that he was the first to break his marriage vow. That would have prevented him from obtaining a dissolution of the marriage bond. Being unable, because of his own misconduct, to procure his release from the complainant, the duty, attaching to the relation, not to permit her to become a public charge, continues. To be relieved from that duty, he must, as already stated, secure a severance of the tie, or prove facts which would entitle him, if innocent, to such severance.

There was sufficient evidence to support the direction that the defendant pay $8 per week, and accordingly the judgment should be affirmed, with costs. All concur.