(36 Misc. Rep. 534.)

KELLER, Com'r of Charities, v. FOLERON et al.

(Supreme Court, Appellate Term. December, 1901.)

HUSBAND AND WIFE—BOND FOR SUPPORT—DEFENSES.

　　Where a husband has been required, under Laws 1897, c. 378, § 686, on conviction as a disorderly person, as having failed to support his wife and children, to give a one-year bond for her support and that of her children, it is no defense, in an action on the bond to recover stipulated weekly payments in default, that the wife has committed adultery during the term of the bond.

Appeal from municipal court, borough of Manhattan, Third district.

Action by John W. Keller, commissioner of charities for the boroughs of Manhattan and the Bronx, against Theodore Foleron and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before McADAM, P. J., and MacLEAN and SCOTT, JJ.

Howe & Hummel (David May, of counsel), for appellants.

John Whalen, Corp. Counsel, and Herman Stiefel, Asst. Corp. Counsel, for respondent.

McADAM, P. J. The plaintiff recovered a judgment against the defendants (principal and surety), on a bond given in the magistrate's court of the city of New York, for the Seventh district, for $49 (seven weekly payments due on said bond), and the defendants have appealed. The bond was given after the conviction of Foleron, the principal, as a disorderly person, in failing to support his wife and children. The magistrate, under the provisions of section 685 of the charter of the Greater New York (Laws 1897, c. 378), therein applicable to such cases, required Foleron to pay $7 weekly to the commissioner of charities for the support of his wife and children during the year next ensuing, and to give a bond in $364 that he would make these payments and be of good behavior during that period. The defense urged by the defendants in the court below was that after the execution of the bond, and before the expiration of the year, the wife of Foleron committed adultery and lived in adulterous intercourse with a man, whose name is not given, at a house in Thirty-Fourth street, this city. The court declined to permit the defendants to prove this defense, and the exception to the ruling is fatal, unless the evidence excluded is to be regarded as immaterial to the issue, and as constituting no defense even if true. The law regulating the bond will be found in section 686 of the charter (Laws 1897, c. 378), and is an adoption of that which prevailed under section 1456 of the New York consolidation act. The charter provides (section 685) that:

　　"Every person in the city of New York, as constituted by this act, who actually abandons his wife or children without adequate support, or leaves them in danger of becoming a burden upon the public, or who neglects to provide for them according to his means, or who threatens to run away and leave his wife and children a burden upon the public, may be arrested upon a complaint made under oath to a city magistrate and a warrant thereon issued, and brought before such magistrate, as provided by section

nine hundred of the Code of Criminal Procedure. And if thereupon it shall appear by the confession of the defendant or by competent testimony that he is guilty of the charge, the said magistrate shall make an order specifying a reasonable sum of money to be paid weekly for the space of one year thereafter by such defendant to the commissioner of public charities  *  *  * for the support of the wife or children."

Section 686 provides that:

"Any person convicted  *  *  *  shall, upon being served with such order, enter into bond to the people of the state in such sum as such city magistrate shall direct, with good and sufficient surety to be approved by the said city magistrate, that such person will pay weekly for the space of one year such sum for the support of the wife or children, or either or any of them, as has been ordered as aforesaid, to the commissioner," etc.

Under this form of obligation, the obligors to the bond become charged whenever there is a failure to pay according to its terms, and the obligation continues until all of the payments called for by the instrument are made. People v. Ehrsam (Com. Pl.) 16 N. Y. Supp. 527.

The defendants rely upon People v. Pettit, 74 N. Y. 320, wherein the defendants were sued upon a recognizance given under the statute, whereby they, in substance, undertook, as in section 901 of the Code of Criminal Procedure, that the offender would "support his wife and children and will indemnify the county  *  *  * against their becoming, within one year, a county charge." The obligation in that case was purely one of indemnity, and in order to establish a breach of that particular bond the prosecution was bound to prove affirmatively that the defendant had neglected to provide for his wife and children, and the defendant, on the other hand, had the right to negative such proof by stating that he had supported his wife and children, or had offered to furnish them a home, which they refused to accept. People v. Pettit, supra; Lutes v. Shelley, 40 Hun, 197. That question was by the statute and by the very language of the bond left open for adjudication whenever it presented itself. By the charter of the Greater New York, supra, the conviction of the offender and the giving of the bond purposely close all controversy for one year thereafter. Such were evidently the purpose and intent of the charter provisions. Prior to conviction the defendant might have offered as a complete defense evidence of the infidelity of the wife. People v. Shrady, 40 App. Div. 460, 58 N. Y. Supp. 143; People v. Brady, 13 Misc. Rep. 294, 34 N. Y. Supp. 1118; 15 Am. & Eng. Enc. Law (2d Ed.) 889; Culley v. Charman, 7 Q. B. Div. 89; State v. Schweitzer (Conn.) 18 Atl. 787, 6 L. R. A. 125; 1 Nels. Div. § 299. But under the procedure regulated by the charter, after the accused has once given the bond, promising absolutely to pay a weekly stipend for one year nothing is left open for future litigation; and if the parties are living and undivorced, the subsequent misconduct of the wife constitutes no defense to the principal or surety of the bond,—the only question open being whether the conditions of the bond in respect to promised payments have been complied with. In People v. Mitchell, 2 Thomp. & C. 172, the defendant was convicted as a disorderly person for failing to support his wife, and required to give a bond in

$200. Upon the examination the defendant, in excuse, testified that there was pending in the courts an action for divorce brought by him against his wife, and that there was an order existing requiring him to pay her $4 per week alimony during the pendency of the suit. The court, in sustaining the conviction on certiorari, said:

"The supreme court, by no order they can make, short of granting a divorce, can cast upon the public the burden of supporting the legal wife of a man able to support her, or to absolve the husband from that duty."

Death of either party to the marriage would dissolve the relation as of course.

It is probably as well that the charter will bear the construction that the liability of parties upon this class of obligations continues during the year the bond is to run, unless the ties which bind the parties have in the meantime, by some legal method, been severed. This is particularly so where, as in this case, children are concerned. We hold that the court below properly excluded the evidence offered, and that the judgment must be affirmed, with costs.

Judgment affirmed, with costs. All concur.