TULLY, Commissioner, v. STOUT et al.

(Supreme Court, Appellate Term. December 27, 1905.)

HUSBAND AND WIFE—ABANDONMENT OF WIFE—BOND TO SUPPORT—ACTION.
    In an action on a bond given to secure the payment by the principal defendant, who had been convicted of abandoning his wife, of a weekly sum for the support of his wife, evidence that defendant had, subsequent to his conviction, offered to live with his wife and to support her, was inadmissible.
    [Ed. Note.—For cases in point, see vol. 26, Cent. Dig. Husband and Wife, § 1115.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by James H. Tully, as commissioner, etc., against William Stout and another. From a judgment in favor of defendants, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

John J. Delany, for appellant.

MacLEAN, J. Stout, having been convicted of being a disorderly person in having abandoned his wife and children, and ordered to pay the plaintiff $6 weekly, with his codefendant gave a bond for such weekly payment for the space of one year from the 8th day of February last; but they having defaulted, and having been brought into court in this action for arrears, the defendants have obtained judgment upon testimony that Stout, subsequently to his conviction, offered to live with his wife and to support her. This was error. However relevant and competent in proceedings before the conviction, such evidence was inadmissible in the action, wherein the only questions were a compliance or noncompliance with the condition of the bond. Keller. v. Foleron, 36 Misc. Rep. 534, 73 N. Y. Supp. 951.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.