### SCHMIDT v. SCHMIDT.

(Supreme Court, Appellate Term.     December 22, 1911.)

1. HUSBAND AND WIFE (§ 280*)—SEPARATION AGREEMENT—CONDITIONS—ENFORCEMENT.

Pursuant to a separation agreement, defendant husband agreed to pay plaintiff, his wife, $22 monthly in advance for her support and maintenance, on condition that she make no other claim against him. These payments were made up to and including January, 1911. On February 6, 1911, plaintiff served on defendant a summons and complaint in an action for absolute divorce asking alimony, and, temporary alimony being denied, sought to enforce the agreement. *Held*, that plaintiff violated the terms of the agreement by instituting the suit for divorce and claiming alimony, and could not recover thereon.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1055; Dec. Dig. § 280.*]

2. HUSBAND AND WIFE (§ 280*)—SEPARATION AGREEMENT—CONDITIONS—VIOLATION—SUPPORT.

Where a separation agreement between husband and wife provided for payments for her support on condition that she make no further claims on him, a violation of the condition by instituting a suit for divorce against the husband and claiming alimony did not bar her right to support from her husband, which might be enforced by a proper application for alimony.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1055; Dec. Dig. § 280.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Jennie Schmidt against Gustav R. Schmidt. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

James B. Mackie (Herbert C. Smyth, of counsel), for appellant.

Maurice Steiner (Ferdinand W. Pinner, of counsel), for respondent.

GIEGERICH, J. [1] This action is brought by a wife against her husband upon a separation agreement, which is evidenced by two writings, one signed by the husband and the other by the wife, and being as follows:

"I, Gustav R. Schmidt, hereby promise to pay Jennie Schmidt the sum of twenty-two ($22.00) dollars, lawful money of the United States of America,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

every month in advance, payable on the first of every month, for her support and maintenance on condition that she makes no other claim against me. I also promise to leave her without interference on my part.

"Gustav R. Schmidt."

"Received N. Y., 1st August, 1907, from Gustav R. Schmidt sum of twenty-two dollars ($22.) in full of all my claim for support and maintenance for month of August, 1907, pursuant to agreement to pay me that amount monthly in advance, and upon condition that I shall in no wise molest or interfere with him and shall make no other claim against him for support and maintenance $22.  Jennie Schmidt."

The monthly payments were made to the plaintiff to and including the month of January, 1911. Since that month no payments have been made, and on the 6th day of February, 1911, the plaintiff was served with a summons and complaint in an action brought against her by the defendant for an absolute divorce. In March, 1911, the plaintiff moved in the divorce action for alimony and counsel fee, asking for alimony at the rate of $25 per week. Upon that motion, a counsel fee of $100 was allowed, but alimony was denied. After such denial of alimony in the divorce action, the wife instituted the present action to recover the back payments of $22 per month upon the separation agreement, and has recovered judgment for the full amount.

This judgment is sought to be supported upon the decisions made in Hughes v. Cuming, 36 App. Div. 302, 55 N. Y. Supp. 256, Chamberlain v. Cuming, 37 Misc. Rep. 815, 76 N. Y. Supp. 896, and Chamberlain v. Cuming, 99 App. Div. 561, 91 N. Y. Supp. 105, affirmed without opinion, 184 N. Y. 526, 76 N. E. 1091. The above cases hold that an order for alimony obtained in a suit for divorce by the wife against the husband does not operate as a waiver of a pre-existing valid separation agreement; the court observing that the order for alimony might be erroneous, but that it did not avoid the articles of separation. In the cases just cited (all being brought on the same separation agreement) the agreement was made, not directly between the husband and wife, but between the husband and a trustee acting for the wife. Furthermore, it does not appear in the reports of the above cases that in that agreement it was made by the husband an express condition to his obligation to make the monthly payments that the wife should make no other claim against him, as is the case here, which condition the wife in equally explicit terms accepted and agreed to. If in this case, although the agreement was made by the wife herself instead of by a trustee in her behalf, she had merely agreed to take the payments stipulated in full satisfaction for her support and maintenance, as her attorney in his brief states was the agreement in the Cuming Case, then the application for alimony would not have been a violation of the agreement, but only an attempt to obtain something to which by virtue of the agreement she had no right.

That a violation by the wife of the terms of a separation agreement may exempt the husband from making the payments provided for her in the agreement was decided in Duryea v. Bliven, 122 N. Y. 567, 25 N. E. 908, in which case it was claimed that the wife had refused to permit the husband to associate with the children, as the agreement provided; and a like decision was made in Muth v. Wuest, 76 App.

Div. 332, 78 N. Y. Supp. 431, where the separation agreement provided that the husband should be allowed to see the children once a week, but where the wife took them away with her to Europe for a period of six months.

If a husband in making a separation agreement sees fit, as he did in this case, to make it an express condition to his continued liability to make the payments provided that the wife should make no other claim against him, thereby guarding himself against any litigation or controversies over the matter, I can see no reason why the condition should not be enforced.

[2] It does not, of course, follow that by violating the condition in the separation agreement the wife loses all right of support against the husband. That is a duty which he owes, not only to her, but to society; and upon a proper application for alimony, showing all the facts, the wife, if she further shows herself deserving of the same, will doubtless obtain from this court an allowance for her support.

The court below allowed a recovery for four months, namely, for February, March, April, and May. As the payments of April and May did not become due until subsequent to the time when the wife made a claim for alimony, they cannot be allowed.

The judgment is therefore modified by deducting $44, and, as modified, affirmed, without costs of this appeal to either party. All concur.

