Mary E. Roth, Respondent, v. George J. Roth, Appellant.

(County Court, Oneida County, October, 1912.)

Husband and wife — action to recover installment due under separation agreement.

> The adultery of a wife, established by competent proof, is such misconduct as constitutes a defense to an action by her to recover an installment due under a separation agreement providing for her support.

Appeal on questions of law from a judgment of $35 and costs, rendered in favor of the plaintiff, in the City Court of Rome.

M. H. Powers, for appellant.

James T. Cross, for respondent.

Hazard, J. The parties to this action are husband and wife. On the 7th of December, 1909, they entered into " articles of separation " in about the usual form, providing that the parties should live separate and apart, and that the husband should pay the wife for her support the monthly sum of thirty-five dollars. This action was brought to recover an installment becoming due under said agreement. The defence interposed was that the wife had been guilty of gross misconduct, including adultery, and proof was given upon the trial to that effect, notwithstanding which a judgment was rendered for the plaintiff. The question of whether such a defense is available seems to be a new one in this state. No question is raised as to the validity of the contract in question, although Edic v. Horn, 42 Misc. Rep. 26, would seem to be in point, and to cast a serious question upon its validity. However, it is held in Hughes v. Cuming, 36 App. Div. 302, that such a contract would be enforceable, notwithstanding that it may appear from its contents that the parties had not been actually separated at the time it was executed; providing it was in fact made

43

after the separation had actually occurred, and that extrinsic evidence is receivable upon that point. The case last cited was reversed by the Court of Appeals upon other grounds. See Chamberlain v. Cuming, 99 App. Div. 562. However, as the point is not urged, we will assume (without deciding) that the contract itself is valid and enforceable, and pass to the consideration of the principal point urged, as to the effect upon it of the adultery of the plaintiff. As above stated, there was evidence on that point given in the court below, and it was conceded upon the argument that the plaintiff was guilty of adultery.

It has been held that the adultery of a wife is a defence in a criminal proceeding against the husband as a disorderly person, under subdivision 1 of section 899 of the Code of Criminal Procedure. People v. Brady, 13 Misc. Rep., 294; People v. Bliskey, 21 id. 433; People ex rel. Keller v. Shrady, 40 App. Div. 460.

In civil actions brought for separation under section 1762 of the Code, it has been held that the adultery of the plaintiff furnishes and constitutes a perfect defence to the action, and that is the effect of section 1765 of the Code. Hawkins v. Hawkins, 193 N. Y. 409; Deisler v. Deisler, 59 App. Div. 207; Doe v. Roe, 23 Hun, 21.

It is true that all of the foregoing, and many other cases, in which the same point is decided, are separation actions, and that the holding is dependent, to some extent, upon a construction of section 1765 of the Code; and that therefore the cases are not entirely in point and decisive of the case at bar, which has its foundation in a contract made between the parties, rather than upon statutory rights. As applied to cases involving statutory rights, the cases quoted are very decisive and emphatic. In the Hawkins case the court said at page 411: "It is settled that the adultery of the wife relieves the husband from the obligation to support her." In the Deisler case the court said at page 213: "Her conduct in persisting in disregarding his wishes, and her own promises, is sufficient justification for his leaving the home and refusing to support her." In the Doe v. Roe case, the court at page 24 said: "The complaint might be

based upon the abandonment of the wife by the husband, and his neglect to provide for her. *Could there be a better defence to such a charge than that the wife was an adulteress?"* It has been held that the violation of the terms of a separation agreement on the part of the wife forfeits her further rights under it. Schmidt v. Schmidt, 74 Misc. Rep. 423; Muth v. Wuest, 76 App. Div. 332; Duryea v. Bliven, 122 N. Y. 567.

It is true that in the contract we are considering there is no express stipulation as to how the wife shall conduct herself, and I am not unaware of the fact that in some English cases the courts of England have held that, in the absence of a stipulation in such a contract to the contrary, the adultery of the wife does not abrogate the contract; and similar holdings have been made in the state of New Jersey; but no case in this state that I am able to find contains any decision to that effect. In Hawkins v. Hawkins, *supra,* the wife was not permitted to recover because it had been established by a previous divorce action that both parties were guilty of adultery. In the case of France v. France, 38 Misc. Rep. 459, where an agreement had been made to discontinue a divorce action brought by the wife, and that she should not oppose a separation action brought by the husband then pending in North Dakota, and the husband was to pay a weekly sum for his wife and child, it was held that the agreement would be enforced after a divorce was granted in North Dakota, but it clearly appears that the North Dakota divorce was obtained upon the ground of " desertion."

In view of the decisions of the courts of this state along similar, although not identical, lines, I feel constrained to hold that the effect of adultery in the wife, if suitably established, should furnish a perfect defense to an action of this sort, as well as to a criminal action, or an action for separation. If the husband may defend a criminal action for nonsupport, or an action for separation brought by the wife, upon setting up her adultery, it seems to me that his rights are equally great under a contract as they are under the statutes of the state, even if he has failed to stipulate in the

contract that she shall not be guilty of the gross misconduct of adultery. If it is necessary, it seems to me that there can be read into such a contract, or implied from the fair meaning of it, such an agreement on her part, or, that if she is guilty of adultery, it should be held that there is a failure of consideration for the contract. The parties have entered into an agreement because they have disagreed and are unable to live together further. The policy of the law prevents them from abrogating their marriage contract by mutual agreement, and prohibits them from dissolving it collusively through a divorce. The obligation of the husband to support his wife remains, and in this case the parties have made an agreement liquidating the amount of that obligation. However, it is not to be assumed that the husband would have entered into any such agreement had his wife at that time, to his knowledge, been guilty of adultery. If such were the case, and he knew it, there was no obligation on his part to support her further, and she was unable to maintain either a criminal action or an action for divorce or an action for separation against him, or in any conceivable way to require him to pay her anything. In this case the contract is made and the marriage relation continues. It is not abrogated by the agreement, but the existence of the obligation on the part of the husband has a continuing consideration, for the payments to support the wife are dependent upon, I think, as a matter of justice, her continuing to so conduct herself that she maintains the *status quo.* When she fails to do that, and ceases to conduct herself in such a manner that she could obtain any relief either from the criminal courts or from the civil courts under her marital rights, it seems to me that she has also forfeited her rights under this contract. To hold otherwise, and say that a wife can hold her husband to an agreement to support her when she is guilty of adultery and all sorts of misconduct seems preposterous and shocking to common sense and good morals.

We may suppose a case of a woman who has made such a contract as this is, living in open and notorious adultery; and yet if respondent's contention is correct her husband

would be absolutely powerless. I cannot believe that such should be the law or is the law.

The judgment of the City Court of Rome is, therefore, reversed, with costs to appellant.

Judgment reversed, with costs to appellant.