REBECCA A. HIRES, petitioner,

*v.*

GEORGE HIRES, JR., defendant.

[Decided June 7th, 1920.]

Where a separation agreement had been entered into by a husband and wife, stipulating a certain annual payment by the husband to the wife during their joint lives, and the wife afterwards obtains a divorce on the ground of adultery, this court, in fixing future alimony, is not bound by the terms of the separation agreement, but should fix- an amount according to the wife's needs and the husband's ability to pay, and the increasing expenses of the children, who are in the wife's custody, should also be considered.

On petition for divorce. On hearing on exceptions to report of special master.

*Mr. Edward C. Waddington,* for the petitioner.

*Mr. Albert S. Woodruff,* for the defendant-exceptant.

LEAMING, V. C.

By the petition filed herein petitioner seeks a divorce from defendant on the ground of adultery and prays that the custody of the two minor children of the marriage may be awarded to her and that defendant may be compelled to pay to petitioner a suitable amount for the support of petitioner and the two children.

No answer having been filed by defendant a reference was made to a special master. Before the special master the charge of adultery was fully established and considerable testimony .was taken to determine the amount that defendant should pay for the support of petitioner and the children.

The master reported in favor of a decree of divorce for the adultery of defendant, and fixed $3,000 per year as the amount

defendant should pay for the support of petitioner and $2,000 per year as the additional amount he should pay for the support of the two children whose custody the master awarded to petitioner; the master also reported that defendant should give bond to the amount of $20,000 to secure these payments.

The present hearing is on exceptions to the master's report which have been filed by defendant.

No exceptions have been filed to that part of the report which finds defendant guilty of adultery as charged and recommends a divorce on that ground; nor are exceptions filed to the award of the custody of the children to petitioner; nor are exceptions filed to that part of the report fixing $2,000 per year as the amount to be paid to petitioner by defendant for the support of the children. The exceptions relate alone to the award of $3,000 per year to be paid by defendant for petitioner's support and to that part of the report requiring defendant to give bond of $20,000 to secure the payments referred to in the report.

By the testimony taken before the master it appears that the sole source of income of defendant is the amount paid to him from year to year by testamentary trustees of a certain trust estate. Since the amount payable to defendant during the last year of the trust could not be definitely known when the trustee testified, a stipulation has since been filed supplying that information.

It appears by the testimony that in the year 1915 a formal separation agreement was entered into by the respective parties in which, among other things, it was agreed that $1,500 a year should be paid by defendant to petitioner for her support, which amount she agreed to receive "in full satisfaction for her support and maintenance, and all alimony whatever." That amount, in monthly installments, defendant has since paid. It is now contended by defendant that notwithstanding the fact that a decree of divorce is now to be entered against him by reason of his adultery, no order for alimony for his wife in that decree can properly exceed in amount the rate stipulated in the separation agreement. The agreement is for the period of the joint lives of the parties and provides that payments shall be made at the rate named for ten years, at the end of

which time a larger amount will be agreed upon, but that the
rate named shall continue after the expiration of the ten years
until such new agreement shall be made. The separation agree-
ment contains no stipulation limiting its operation to the
period of chastity of either of the parties.

The question is thus directly presented whether the wife is
to be bound by her covenant to accept $1,500 per year for her
support after she shall have procured a divorce from her
husband by reason of his adultery, since the evidence touching
her present needs and her husband's present income clearly dis-
closes that but for her covenant to accept $1,500 for her support
she should be awarded a larger amount.

I find no authority in this state that may be said to directly
dispose of the present inquiry. In *Buttlar* v. *Buttlar, 71 N. J.
Eq. 671,* the wife divorced her husband because of his adultery,
but no decree for alimony was made. Subsequently she sued
her divorced husband to enforce the payment by him of the
amount due her under a separation agreement made while the
parties were husband and wife, the recovery sought being the
amount that had accrued since the decree of divorce. The obli-
gation of the defendant under that agreement was there recog-
nized and enforced; no claim was there made based upon the
complainant's rights or needs in excess of the amount specified
in the separation agreement. In *Halstead* v. *Halstead, 74 N. J.
Eq. 596,* the same vice-chancellor held that where the wife had
sued for divorce and pending that suit had procured an order
for alimony *pendente lite,* she could not pending that action
maintain a separate suit to recover a larger amount under her
separation agreement during the period the alimony order was
running, since she had elected the former remedy. Any in-
quiry is to what effect her divorce decree, when procured, either
with or without alimony, would have upon her rights under
the separation agreement, was expressly reserved in the de-
cision. In *Rennie* v. *Rennie, 85 N. J. Eq. 1,* it was held in con-
formity to *Halstead* v. *Halstead, supra,* that a separation agree-
ment which stipulated the amount the husband should pay for
his wife's support afforded no impediment to awarding the wife
temporary alimony in her suit for divorce on the ground of his

adultery. In that case the payments under the separation agreement were in arrears and the wife's prayer for alimony pending her divorce suit was treated as an election of remedies; the additional circumstances there existed and was emphasized that the amount specified in the separation agreement for the wife's support was inadequate to support her and the children of the marriage then in her custody. *Boehm* v. *Boehm, 88 N. J. Eq. 74,* is in point only to the extent that it suggests that the husband's duty to support his wife flows from the matrimonial relation, and section 25 of our Divorce act imposes upon the court of chancery the duty to enforce that obligation either pending a suit for divorce or after decree of divorce. *Whittle* v. *Schlemm (Court of Errors and Appeals), 109 Atl. Rep. 305* (disapproving *Devine* v. *Devine, 89 N. J. Eq. 51*), holds that a wife who has committed adultery subsequent to her separation agreement may recover the amount stipulated in that agreement for her support unless and until the husband shall have procured a decree of divorce against her, unless the agreement of separation shall contain a clause limiting its operation to the period of chastity of the wife.

The question here involved has been before the English courts on repeated occasions. After varying decisions based on varying grounds the court of appeals in *Bishop* v. *Bishop (1897), P. D. 138,* fully reviewed the prior decisions and finally determined in that jurisdiction the effect of a dissolution of the marriage by reason of the husband's adultery upon the wife's covenant contained in a separation agreement to accept a specified sum for her support for the joint lives of the parties. It was there held that the powers and duties conferred on the court by *20 and 21 Vic. (1857) c. 85 § 32* and *29 and 30 Vic. c. 32 § 1,* as to a divorced wife's maintenance, which statutes contemplated that regard should be had to the wife's fortune, to the ability of the husband, and to the conduct of the parties should not be disregarded and attention only paid to the terms of the separation agreement; that the wife cannot preclude herself by her agreement from invoking the aid of the court to obtain further maintenance in the events stated. Alimony, after divorce, was accordingly justified in amount in excess of the amount spec-

ified in the agreement. Although unnecessary to the decision of the case it was there also strongly intimated that even an express covenant of a wife contained in a separation agreement not to sue for an amount in excess of the amount specified in the event of a divorce would be void as contrary to public policy, and it was accordingly held that such a covenant could not be deemed implied by a covenant referring to the period of the joint lives of the parties.

The powers and duties of the court of chancery of this state conferred by section 25 of the Divorce act (*2 Comp. Stat. p. 2035*) do not essentially differ from those conferred by the English acts referred to. Our act provides:

"Pending a suit for divorce or nullity, or after decree of divorce, it shall be lawful for the court of chancery to make such order touching the alimony of a wife, and also touching the care, custody, education and maintenance of the children, or any of them, as [from] the circumstances of the parties and the nature of the case shall be rendered fit, reasonable and just."

It seems to me to be impossible to doubt that under this statute where the wife who is without fault is awarded a decree of divorce by reason of her husband's adultery, it becomes the duty of the court in determining the amount of alimony to be paid to her to base that determination upon her needs and her divorced husband's ability to pay, and to disregard the amount specified in a prior separation agreement when that amount is less than the amount that would be otherwise ascertained as "reasonable and just."

Another circumstance exists in this case which should lead to a similar conclusion. The separation agreement is wholly silent touching any provision for the support of the children. The custody of these children are to be awarded to the wife. While they were in the wife's custody when the separation agreement was made, and that fact may have been taken into account by the parties, although no stipulation was expressly made for their support, they have since necessarily grown materially older and a source of increased expense. To that extent conditions have materially changed. The right of this court to make suitable provision for their support is unquestioned, and an aggre-

gate allowance for the wife and children would seem appropriate. The master has determined the amounts separately and exceptions have been filed only to the amount allowed to the wife. I will, in consequence, advise a similar separation, but should, I think, take into account the entire needs of the wife for herself and her children considered as a whole.

The master awarded $2,000 per year for the children and $3,000 per year for the wife. These amounts are, in my judgment, reasonable and just. Since the master's report was filed it has been ascertained that defendant's income has been reduced, but I think his present income and earning capacity sufficient to justify the amounts recommended by the master. I see no reason why defendant's ability to augment his income by personal efforts should not be taken into account merely because he prefers to live a life of idleness. I think, also, that the bond advised by the master should be required. The exceptions to the master's report are accordingly overruled.