## STATE OF WEST VIRGINIA *v.* GEORGE DAVIS

### (No. 8261)

Submitted February 4, 1936. Decided March 24, 1936.

*Kay & Casto,* for plaintiff in error.

*Carl L. Davis, Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

LITZ, JUDGE:

This is a proceeding under sections 1 and 2, article 8, chapter 48, Code 1931, in which it is charged that de-

fendant, George Davis, "did, without just cause, desert and wilfully neglect and refuse to provide for the support and maintenance of" his wife. To the judgment, rendered upon a verdict of conviction, requiring him to pay her $40.00 per month for support and maintenance, defendant obtained this writ of error.

It is a misdemeanor, under section 1 of the statute (punishable by fine not exceeding $500.00 or imprisonment, at hard labor, not exceeding one year) for a husband "without just cause" to "desert or wilfully neglect or refuse to provide for the support and maintenance of his wife, in destitute and necessitous circumstances." Section 2 provides that the justice, before whom the defendant is convicted, may, in lieu of or in addition to the penalty prescribed in section 1, require the husband to pay periodical sums to his wife and release him upon bond, with good security, in the penalty of not less than $500.00.

The parties were married in 1915, and lived together as husband and wife until 1931, when it is alleged, he deserted her and began cohabiting with another woman. He returned home some months later for a few days, at which time he entered into a contract with his wife agreeing to pay her a substantial monthly allowance. (The terms of the contract are not shown.) Payments were made regularly under the contract until February, 1935. He then refused to make further payments on the ground that she had recently been guilty of adulterous conduct; whereupon this proceeding was instituted.

The chief point of error is the refusal of the trial court to admit evidence of the alleged adulterous conduct on the part of the wife. Defendant, in support of his contention that such evidence was admissible, relies especially upon the case of *State* v. *Falkner*, 182 N. C. 793, 108 S. E. 756, 17 A. L. R. 986. The defendant, in that case, was proceeded against for the non-support of his wife under a statute similar to ours. He abandoned her because she had committed adultery. In the opinion of the case, the court said: "That a husband may not

be convicted for abondoning an adulterous or unfaithful wife is a position so well fortified by every reasonable consideration and by the force of its own righteousness as to meet with the approval of the common judgment of men. To argue otherwise is but to complain at the standard of human conduct, established in accordance with the eternal fitness of things and in keeping with the everlasting verities. So far as our investigation discloses, no court has ever held to the contrary." The same rule is stated in 17 A. L. R. at page 999, as follows: "As a general rule, under a statute punishing a husband for abandonment of his wife, the adultery of the wife or any other act committed by her after marriage, and before abandonment, which would entitle the husband to a divorce, is a good defense." The state cites *Hall* v. *State,* 100 Ala. 86, 14 So. 867, and *Gobel* v. *State,* 15 Ala. App. 178, 72 So. 706, involving a non-support statute similar to the West Virginia Act, to sustain the ruling of the trial court. In the first case, it is said: "Misconduct of the wife *after* abandonment affords no excuse or justification for the abandonment, though misconduct after marriage and before abandonment would do so." In the latter case, by way of answer to the defense that the wife had committed adultery (after being abandoned by the husband), the court observed: "One of the beneficient purposes of the law is to protect the wife from becoming a public burden and nuisance, and the defendant cannot be allowed to take advantage of a condition that his conduct has probably brought about." In *People* v. *Shrady,* 40 App. Div. 460, 58 N. Y. S. 143, the court held that the findings in a divorce proceeding that both parties had been guilty of adultery was not conclusive of the facts in a subsequent non-support prosecution against the husband; and further stated that independent proof of the facts would not alter the ruling that a husband, in order to relieve himself of the duty to support his wife, must secure a severance of the tie or prove facts which would entitle him, if innocent, to such severance. In *Hawkins* v. *Hawkins,* 193 N. Y. 409, 86 N. E. 468, 19

L. R. A. (N. S.) 468, 127 Am. St. Rep. 797, 15 Ann. Cas. 371, where it was ruled that the adultery of the wife subsequent to that of the husband, was a complete defense in a suit for separate maintenance, the court stated that what was said in the *Shrady* case concerning the same facts was not necessary to the decision, but that there might well be a distinction between proceedings by the guilty wife for her individual benefit and those instituted in behalf of the people to prevent the burden of a public charge. In *Commonwealth* v. *Crabb,* 119 Pa. Super. 209, 180 Atl. 902, the Superior Court affirmed an order of the trial court in a non-support proceeding revoking a former order requiring an adulterous husband to pay his wife $100.00 per month, on the ground that she had subsequently lived in meretricious relations with another.

The case at bar is distinguishable from the Alabama cases and the *Shrady* case in that the husband here was supporting the wife, at the time of the alleged adultery, apparently under a separation agreement.

If, as it seems, the parties were living apart under a separation agreement, pursuant to which he was furnishing her reasonable support, the proffered evidence tending to prove recent adultery on her part, should have been admitted in defense of the prosecution. It may be that this sort of testimony would not serve as a defense to an action on the contract, unless it contains a *dum casta* clause. *Whittle* v. *Schlemm,* 94 N. J. Law 112, 109 Atl. 305, 8 A. L. R. 1447, annotated at page 1452; *Wilson* v. *Atwood,* 69 F. (2d) 398; *Sabbarese* v. *Sabbarese,* 107 N. J. Eq. 184, 152 Atl. 920, affirming the decision in 104 N. J. Eq. 600, 146 Atl. 592.

The judgment complained of is reversed, the verdict set aside and a new trial awarded.

*Reversed and remanded.*