ALONZO DURYEA, as Trustee, etc., Respondent, *v.* CHARLES *v.* BLIVEN, Appellant.

A contract between a husband and wife who have separated, to thereafter live apart, is not void on the ground of public policy.

By such a separation agreement it was provided that the wife should have the custody of the children; but it was agreed on her part and that of the trusteee named, who was a third party to the agreement, that the husband should have the right to visit and associate with the children in the manner specified. In an action to recover payments stipulated by the contract to be made by the husband to the trustee, for the benefit of the wife, *held*, that the agreement to permit the husband to associate with his children was not only valid, but was a material part of the contract which could not be violated by the wife, and a recovery sustained for her benefit for the sum stipulated to be paid by the husband; and that, as the defendant's evidence tended to show a violation of the agreement on her part, a refusal to submit the question to the jury was error.

(Argued October 31, 1890; decided December 2, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made the first Monday in March, 1888, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

This action was brought to recover certain sums alleged to be due under a separation agreement.

*Edward C. Perkins* for appellant. The part of the agreement which related to the defendant's intercourse with his children was valid. (*Allen* v. *Affleck,* 64 How. Pr. 385; *Bolen* v. *Bolen,* 44 Hun, 362.) The exception to the direction of a verdict was sufficient. (*Trustees, etc.,* v. *Kirk,* 68 N. Y. 459, 464; *Vail* v. *Reynolds,* 118 id. 297, 300.)

*Henry W. Taft* for respondent. Mrs. Bliven's residence in New Jersey deprived the defendant of none of his privileges, nor was it designed so to do. It violated neither the

letter nor spirit of the agreement. (*Clark* v. *Fosdick*, 1 N. Y. S. R. 90; 27 id. 750.) Mrs. Bliven was called upon to exercise discretion in allowing the defendant to associate with his children. (*Potter* v. *Potter*, 8 Civ. Pro. Rep. 150.) A separation agreement is binding so far as it provides for the support of the wife and children and the indemnity of the husband, and no further. (1 Bishop on Mar. & Div. [6th ed.] §§ 631–636, 760; Stewart on Mar. & Div. §§ 184, 192; *Clark* v. *Fosdick*, 27 N. Y. S. R. 750; *Tallinger* v. *Mandeville*, 113 N. Y. 427; *Galusha* v. *Galusha*, 27 N. Y. S. R. 738; *Wallace* v. *Bassett*, 41 Barb. 96; *Anderson* v. *Anderson*, 1 Edw. Ch. 380; *Dupre* v. *Rein*, 7 Abb. [N. C.] 256; *Champlin* v. *Champlin*, Hoff. Ch. 55; *Carson* v. *Murray*, 3 Paige, 483; *Collins* v. *Collins*, 80 N. Y. 11; *Carpenter* v. *Osborn*, 102 id. 560; *Fox* v. *Fox*, 7 N. Y. S. R. 271; *Maynard* v. *Hill*, 125 U. S. 190; *Adams* v. *Palmer*, 51 Me. 181; *People* v. *Brown*, 35 Hun, 324; *Wilcox* v. *Wilcox*, 14 N. Y. 578; *Besant* v. *Wood*, L. R. [12 Ch. Div.] 605; *Wilson* v. *Wilson*, 1 H. L. Cas. 538; *Calkins* v. *Long*, 22 Barb. 97; *Mann* v. *Hulbert*, 38 Hun, 30; *In re Cuneen*, 17 Barb. 516; *Leavitt* v. *Palmer*, 3 N. Y. 37; Pars. on Cont. 458; *Allen* v. *Affleck*, 64 How. Pr. 382.) A verdict was properly directed for the plaintiff because there was no dispute about the material facts. There was a clear preponderance of evidence in favor of the plaintiff, and a contrary verdict would have been set aside. (*Besson* v. *Southard*, 10 N. Y. 240; *Sanborn* v. *Lefferts*, 58 id. 183; *Herring* v. *Hoppock*, 15 id. 413; *Cagger* v. *Lansing*, 64 id. 427; *Goelet* v. *Ross*, 15 Abb. Pr. 253; *People* v. *Bd. of Police*, 14 id. 159; *Story* v. *Brennan*, 15 N. Y. 526; *P. Society* v. *Beach*, 74 id. 76; *Mayor, etc.,* v. *Sands*, 39 Hun, 524.) The wife discontinued her action for a separation on the faith of the agreement, and the trustee has supplied support for the wife and children since the defendant has defaulted in his payments. It would result in great hardship and injustice if the defendant were relieved from his obligations under the agreement after he has received substantially all the benefits thereof. (*Mann* v. *Hulbert*, 38 Hun, 31; *Simmons* v. *McElwain*, 26

Barb. 422 ; *Wallace* v. *Bassett*, 41 id. 96.) Defendant's general exception to the direction of a verdict was insufficient. He is estopped from raising the point that there were questions of fact which should have been passed upon by the jury. (*Kennedy* v. *O., etc., R. R. Co.*, 67 Barb. 181; *Van Allen* v. *F. Ins. Co.*, 10 Hun, 400 ; *Shuttleworth* v. *Winter*, 55 N. Y. 624 ; *O'Neil* v. *James*, 43 id. 93 ; *People* v. *Cook*, 8 id. 75, 76.) Even if the plaintiff had failed to make out his case at the time the motion for dismissal was made, the judgment will not be reversed if the necessary evidence was afterward supplied. (*Dean* v. *Corbett*, 19 J. & S. 103.)

FOLLETT, Ch. J. June 5, 1872, Emma L. Duryea and Charles J. Bliven intermarried, and April 14, 1873, a son named Henry A. and August 8, 1875, a daughter named Marguerite D. were born. Afterwards differences arose between the husband and the wife and they separated, she bringing an action for a limited divorce. On the 19th day of February, 1883, the husband, as party of the first part, the wife, as party of the second part, and Alonzo Duryea, the father of the wife, as party of the third part, executed a contract by which the husband and wife agreed to live apart. It was provided that the children should remain with the mother, subject to the right of the father to visit and associate with them as provided in the third and fourth articles of the contract, which are as follows :

"*Third.* During the pendency of this agreement the said party of the first part shall have free access and communication with the said two children twice in each week, to wit, on Sunday and Wednesday ; shall have admission at such times to the residence of the said party of the second part for the purpose of seeing the said children; shall be permitted to take the children out of the house on the said two days of the week for the purpose of exercise and companionship, at which times they may be accompanied by an attendant, to be selected or approved by the party of the second part, and compensated by the party of the first part, and if the said party of the first

part should be confined to his house by illness and unable to go to his children, then they shall be sent to him, attended as aforesaid, at his expense, twice a week, at such reasonable times and to such reasonable place or places as may be consistent with their health.

"*Fourth.* The said party of the second part will put no obstacle in the way of the restoration and maintenance of the love and affection of the said two children for their father, or in the way of a reasonable and proper companionship between the father and his children, either by influencing the children against the father, or in any other way, nor shall she do anything to estrange them from him ; and no force or duress shall be exercised by either parent to compel or prevent intercourse between the father and the said children."

The husband agreed to pay the trustee $75 per month which sum he and the wife stipulated should be in full discharge of liability for their support. The defendant made all of the stipulated payments which became due before October 1, 1884, but the one which fell due on that date, and all subsequent ones he refused to pay on the ground that his wife had violated the third and fourth clauses of the contract above set forth.

It is settled in this state that a contract between a husband and wife who have separated to thereafter live apart is not void on the ground of public policy. (*Galusha* v. *Galusha*, 116 N. Y. 635 ; *Clark* v. *Fosdick*, 118 id. 7.) The agreement of the wife and trustee to permit the husband to associate with his children was not only valid, but was a material part of the contract which could not be violated by the wife, and a recovery be sustained in her favor for her benefit of the sum which he stipulated to pay monthly.

On the trial the defendant testified that he was not permitted to see his children except in the presence of third persons, and that they were not allowed to visit him when he was sick. If this was true, and without justification, it was a violation of the contract on the part of the wife, and no recovery could be had for her benefit while she was refusing to perform on

her part. A contract of this character is incapable of the exact performance which may be made of a business one, but, nevertheless, both parties are required to attempt to carry it out in good faith. There was a clear conflict in the evidence, and in the inferences to be drawn from it. The defendant testified that on many occasions he was denied the right to associate with his children without any apparent or sufficient reason. The wife and the trustee, by their evidence, denied that some of the refusals occurred, and gave reasons why, in other instances, the children were not present when the father called. Whether the reasons put forward were the real ones, and if real, whether they were sufficient, was a question to be determined by the jury, and the court was not justified in declaring, as a matter of law, that the wife had performed her contract, or that her failure to perform it was justified by the evidence. A question of fact arising upon the evidence as to whether the wife had violated the contract in the respects complained of, it was error to direct a verdict for the plaintiff, for which the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.