JULIUS MUTH, as Trustee of LULU E. WUEST, Appellant, v. CHARLES WUEST, Respondent.

*Separation agreement — a provision that the husband may see the children each week is violated by taking them to Europe — such act is a defense to an action for an amount agreed to be paid by the husband.*

Where a separation agreement, entered into between a husband and his wife and a trustee, awards the custody of the children to the wife and provides that the husband shall be allowed to see them once in each week, the action of the wife, in unnecessarily taking the children to Europe for a period of six months, constitutes such a violation of the provisions of the separation agreement as will

operate as a defense to an action, brought by the trustee against the husband, to recover the amount which the latter, by the terms of the separation agreement, agreed to pay for the maintenance and support of his wife and children.

APPEAL by the plaintiff, Julius Muth, as trustee of Lulu E. Wuest, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, entered on the 14th day of January, 1902, dismissing the plaintiff's complaint on the merits.

*Robert H. Roy*, for the appellant.

*James C. Cropsey*, for the respondent.

WOODWARD, J.:

The plaintiff, as trustee for Lulu E. Wuest, brings this action to recover a sum of money alleged to be due from the defendant to the plaintiff under an agreement of separation, executed by the plaintiff as trustee and by the defendant and his wife on April 30, 1900. By the terms of this agreement the defendant promised to pay the plaintiff twenty-five dollars per week for the support and maintenance of the defendant's wife and two children. Mrs. Wuest was accorded sole custody and control of the children, the defendant being privileged to see them at stated times and under certain circumstances. There is no question as to the validity of this agreement, and the only question involved here is whether Mrs. Wuest, in taking the children to Europe during a period of six months, has violated the provisions of the contract.

Upon the trial of the action the learned justice presiding in the Municipal Court found that there was a violation of the condition of the contract which permitted the defendant to see the children once in each week during the term of the contract. This conclusion is fully supported by the evidence, there being no dispute that the children were taken away and were absent during a period of six months. There was an attempt on the part of the plaintiff to show that the absence of Mrs. Wuest was due to ill-health, and that it was necessary to her welfare, as well as for that of the oldest child, that she should visit Europe. The evidence is, however, far from conclusive, and under the rule laid down in *Duryea* v. *Bliven* (122 N. Y. 567) the determination of the court, equivalent to a verdict of a jury, would seem to dispose of this case.

We have examined the exceptions urged by the appellant and find no reversible error.

The judgment appealed from should be affirmed, with costs.

All concurred.

Judgment of the Municipal Court affirmed, with costs.