## MUTH v. WUEST.

(Supreme Court, Appellate Division, Second Department. November 14, 1902.)

1. HUSBAND AND WIFE—AGREEMENT OF SEPARATION—BREACH BY WIFE.

   An agreement of separation between a husband and wife whereby the husband was to pay the wife $25 a week for the support of herself and children, and the wife was to have the custody of the children, defendant to have the privilege of seeing them once each week, was violated by the wife when she took the children to Europe for six months; and she could not recover thereunder.

Appeal from municipal court, borough of Brooklyn, Fourth district.

Action by Julius Muth, as trustee of Lulu E. Wuest, against Charles Wuest. From a judgment dismissing plaintiff's complaint on the merits, he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Robert H. Roy, for appellant.
James C. Cropsey, for respondent.

WOODWARD, J. The plaintiff, as trustee for Lulu E. Wuest, brings this action to recover a sum of money alleged to be due from the defendant to the plaintiff under an agreement of separation executed by the plaintiff as trustee, and by the defendant and his wife, on April 30, 1900. By the terms of this agreement the defendant promised to pay the plaintiff $25 per week for the support and maintenance of the defendant's wife and two children. Mrs. Wuest was accorded sole custody and control of the children; the defendant being

privileged to see them at stated times and under certain circumstances. There is no question as to the validity of this agreement, and the only question involved here is whether Mrs. Wuest, in taking the children to Europe during a period of six months, has violated the provisions of the contract.

Upon the trial of the action, the learned justice presiding in the municipal court found that there was a violation of the condition of the contract which permitted the defendant to see the children once in each week during the term of the contract. This conclusion is fully supported by the evidence; there being no dispute that the children were taken away and were absent during a period of six months. There was an attempt on the part of the plaintiff to show that the absence of Mrs. Wuest was due to ill health, and that it was necessary to her welfare, as well as for that of the oldest child, that she should visit Europe. The evidence is, however, far from conclusive, and under the rule laid down in Duryea v. Bliven, 122 N. Y. 567, 25 N. E. 908, the determination of the court, equivalent to a verdict of a jury, would seem to dispose of this case. We have examined the exceptions urged by the appellant, and find no reversible error.

The judgment appealed from should be affirmed, with costs. All concur.