HOFMANN et al. v. NESTEL.

(Supreme Court, Appellate Division, Second Department. July 27, 1911.)

1. ABATEMENT AND REVIVAL (§ 8*)—SEPARATION AGREEMENT—ACTION—ANOTHER SUIT PENDING.

　　Pendency of suit by a wife for a separation and alimony does not bar suit by her on a contract, made after the first-mentioned suit was brought, binding the husband to pay her an amount weekly during her lifetime.

　　[Ed. Note.—For other cases, see Abatement and Revival, Dec. Dig. § 8.*]

2. HUSBAND AND WIFE (§ 281*)—SEPARATE MAINTENANCE—CONTRACT—ENFORCEABILITY.

　　That an order has been made, in a suit for separation and alimony, requiring the husband to pay $5 a week alimony pendente lite, does not preclude suit by the wife on a contract, made after the first-mentioned suit was brought, binding the husband to pay her that amount weekly during her lifetime.

　　[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 281.*]

Appeal from Municipal Court of New York.

Action by Charles P. Hofmann and another, as executors of Barbara Nestel, against Michael Nestel. Judgment for plaintiffs, and defendant appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, BURR, and CARR, JJ.

Allen Caruthers, for appellant.
Clarence Edwards, for respondents.

HIRSCHBERG, J. The facts in this case are undisputed, and the appeal presents only a question of law. The original parties to the

action were husband and wife. In February, 1904, they had separated, and an action had been brought in the Supreme Court in this state by the wife, the original plaintiff herein, against her husband for a separation. In February, 1904, while that action was pending, a written agreement was executed by the parties, and the defendant, the husband, contracted therein to pay his wife the sum of $5 per week for her support during her lifetime. The husband failed to make the payments provided for by the agreement, and from time to time his wife sued him in the Municipal Court for the money in arrears. The present action was brought to recover the payments for the 15 weeks intervening December 8, 1908, and March 22, 1909. Recovery was had for the full amount claimed, and, the plaintiff having died pending the appeal taken by the defendant, her executors have been substituted in her place as respondents.

[1] The defense interposed by the answer is that another action is pending for the same cause, and the contention of the appellant on the appeal is that the pendency of the action in the Supreme Court for a separation and alimony is a bar to the maintenance of an action under the written agreement. The actions are not for the same cause, although in the action for a separation a decree could be made requiring the defendant to provide for the support of his wife by the payment of alimony. The present action is one at law upon the written contract, and it has never been doubted that such an action could be maintained where the parties were actually separated at the time the agreement was executed. See Effray v. Effray, 110 App. Div. 545, 97 N. Y. Supp. 286, and cases cited.

[2] The learned counsel for the appellant asserts in his brief that an order requiring the defendant to pay his wife the sum of $5 per week alimony pendente lite had been granted in the separation suit prior to the commencement of this action. I do not find any such order in the record; but, assuming its existence, it would present no bar to the present action. A somewhat similar question was presented in the recent case of De Brauwere v. De Brauwere, 129 N. Y. Supp. 587, decided by the Appellate Division in the First Department May 19, 1911, and it was held that a wife could maintain an action against her husband to recover for moneys expended by her from her separate estate in her support, notwithstanding the existence of an order of a court of competent jurisdiction requiring him to furnish a stated weekly sum for her support.

The judgment should be affirmed. All concur.