(84 Misc. Rep. 403)

### RANDOLPH v. FIELD.

(Supreme Court, Appellate Term, First Department. March 5, 1914.)

1. DIVORCE (§ 209*)—SUIT FOR SEPARATION—ALLOWANCE OF ALIMONY.

In a wife's suit for legal separation, an allowance of alimony was unauthorized.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 605–609; Dec. Dig. § 209.*]

2. HUSBAND AND WIFE (§ 279*)—SEPARATION AGREEMENT—EFFECT OF ALIMONY IN SUIT FOR SEPARATION.

The fact that a wife receiving payments under a separation agreement brings suit for a legal separation and obtains an allowance of alimony does not relieve the husband of his liability under the agreement.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1054, 1056–1060; Dec. Dig. § 279.*]

3. HUSBAND AND WIFE (§ 278*)—SEPARATION AGREEMENT—VALIDITY.

A separation agreement, whereby the husband is to make certain regular payments to the wife, is valid and binding.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1046–1053; Dec. Dig. § 278.*]

4. HUSBAND AND WIFE (§ 279*)—AGREEMENT FOR SEPARATE MAINTENANCE—PREVIOUS AND SUBSEQUENT ADULTERY.

In a wife's action to recover payments due under a separation agreement, her adultery before such agreement, unknown to the husband, or her adultery after such agreement, constituted no defense.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1054, 1056–1060; Dec. Dig. § 279.*]

5. HUSBAND AND WIFE (§ 281*)—ACTION ON SEPARATION AGREEMENT—PLEADING—FRAUD.

In a wife's action to recover payments due under a separation agreement, the allegation of the answer that, before such agreement was signed, the wife had committed adultery, which fact was unknown to defendant, was not equivalent to an allegation of fraud perpetrated either by direct representations or concealment.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1061; Dec. Dig. § 281.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Special Term.

Action by Mary Randolph against Armstead W. Field. From an interlocutory judgment overruling demurrers to three separate defenses alleged in the answer, plaintiff appeals. Reversed, and demurrers sustained, with leave to defendant to amend.

Argued February term, 1914, before SEABURY, GUY, and DELANY, JJ.

Weissberger & Leichter, of New York City (M. M. Leichter, of New York City, of counsel), for appellant.

Jerome, Rand & Kresel, of New York City (William Travers Jerome, of New York City, of counsel), for respondent.

SEABURY, J. This appeal presents for determination the sufficiency of the first, third, and fourth defenses alleged in the answer. The complaint alleges a cause of action based upon a written agreement between the plaintiff and the defendant, and the action is brought to recover payments alleged to be due under such agreement. The agreement is attached to and made a part of the complaint.

The defendant and the plaintiff were husband and wife and entered into the separation agreement on January 12, 1911. The complaint alleges that under the terms of the agreement the defendant agreed, among other things, to pay the plaintiff the sum of $15 per week for her use, support, and maintenance, and that said payments were made until about May 3, 1911, and from July 8, 1911, to about April 29, 1912, since which time the defendant has failed and refused to make the said weekly payments. The complaint demands judgment for the sum of $1,000, the amount of the payments that accrued up to the time of the commencement of the action.

The first defense pleaded sets out the claim of the defendant that on or about May 12, 1911, he repudiated and renounced the agreement sued upon, and that the plaintiff accepted such repudiation and renunciation, and that thereupon and thereby the agreement referred to in the complaint became null and void. The third defense pleaded alleges facts showing that both before and after the agreement of separation referred to in the complaint was entered into the plaintiff committed adultery, that such adulteries were unknown to the defendant at the time of entering into the separation agreement, and that none of such adulteries was condoned or forgiven by the defendant and did not occur with his knowledge, privity, connivance, or procurement. The fourth defense alleged is pleaded as a partial defense and repeats the allegations contained in the first defense alleged. In reference to this partial defense it is only necessary at this time to point out that, if the first defense alleged is sufficient, this defense is sufficient; whereas, if the first defense alleged is insufficient, this defense is insufficient. It is therefore necessary to consider the first and third defenses alleged. The demurrers admit the facts alleged in each of these defenses. The conclusion which the defendant seeks to have drawn from the first defense is that, while the separation agreement was still executory, the defendant repudiated and renounced the agreement, and the plaintiff accepted such repudiation and renunciation and that by mutual consent

said contract was abrogated. The particular facts alleged upon which this conclusion is predicated are that, after said agreement was made, the plaintiff instituted an action against the defendant for legal separation on the ground of cruelty and abandonment, and that during the pendency of such action made application for temporary alimony and counsel fees, and that the justice before whom said application was made directed the defendant to and he did pay the plaintiff $20 per week as temporary alimony and to pay her attorney as counsel fees $250.

[1, 2] The first question requiring consideration is whether the commencement of such an action, while the separation agreement remained in full force and effect, was on the part of the plaintiff in effect an acceptance of and an acquiescence in the defendant's repudiation and renunciation of the contract. The provision for alimony in the action brought by the wife for a separation was unauthorized under the law of this state, although there may be a question as to the allowance of counsel fees. Grube v. Grube, 65 App. Div. 239, 72 N. Y. Supp. 529. The fact that alimony and counsel fees were allowed in that action is immaterial to the issues to be determined here.

As was said by Mr. Justice Bartlett in Hughes v. Cuming, 36 App. Div. 302, 309, 55 N. Y. Supp. 256, 261, reversed on other grounds in 165 N. Y. 91, 58 N. E. 794, referring to Galusha v. Galusha, 116 N. Y. 635, 22 N. E. 1114, 6 L. R. A. 487, 15 Am. St. Rep. 453:

"The rule thus laid down might require us to hold that the order for alimony was erroneous, but it does not avoid the articles of separation."

In Chamberlain v. Cuming, 37 Misc. Rep. 815, 76 N. Y. Supp. 896, this court held that the act of the wife in obtaining two distinct orders for alimony and counsel fees in suits for divorce and separation, respectively, and in accepting payments under said orders, did not constitute a waiver, abandonment, or abrogation of the agreement of separation.

In Hofmann v. Nestel, 146 App. Div. 305, 130 N. Y. Supp. 775, the plaintiff sued to recover amounts due her under a separation agreement, and the defendant pleaded as a defense that the plaintiff had commenced an action which was then pending for separation and alimony; but the court held that this fact, even if it was coupled with the fact that an order had been made requiring the payment of alimony in that action, "would present no bar to the present action."

In 21 Cyc. 1598, it is said that:

"The fact that the wife institutes a suit for divorce does not relieve the husband of his obligation to pay the periodic sum agreed on for the wife's maintenance when there is no condition in the deed to the contrary."

[3] The separation agreement was valid and binding. Galusha v. Galusha, supra. The repudiation and the renunciation on the part of the defendant certainly could not of itself affect the obligatory character of that agreement, and no act on the part of the plaintiff is alleged in this defense which operated to bring about a cancellation of that agreement even though it was executory. It follows that the demurrer to the first separate defense should be sustained on the ground that that alleged defense is insufficient in law on the face thereof.

[4] The third defense is based upon allegations that before and after the agreement of separation was made the plaintiff committed adultery. The respondent claims that there are two defenses set forth in this defense, and that, since no motion was made to require them to be separately stated and numbered, if either of them is sufficient the demurrer to the third defense must be overruled. For the purpose of this case we shall adopt this view and treat this defense as if it alleged two separate defenses, one charging the adultery of the plaintiff before the making of the separation agreement, and the other charging the adultery of the plaintiff after the making of the separation agreement.

We shall first consider the sufficiency of the defense which alleges that the plaintiff committed adultery after the separation agreement was made. In England it is settled that the adultery of the wife is no defense to an action based on a deed of separation where the adultery is committed after the separation agreement is made and the agreement contains no clause restricting the liability of the husband to such time as she shall be chaste. This was distinctly held in Fearon v. Earl of Aylesford, 14 Q. B. D. 792, in which the authorities upon this question were reviewed. That was a case where the plaintiff, as trustee for the defendant's wife under a separation deed, sued for arrears of an annuity, which the defendant had covenanted in unconditional terms to pay to the trustee in trust for the wife. Opinions were delivered by several of the judges, but the following quotation from the opinion of Lindley, L. J., expressed the view of all and summarized the authorities on the question. He said:

"The first (question) is whether the adultery of the wife is a defense to the action for the annuity. Now that appears to me to be settled and to be so settled by long authority, both at law and in equity, that it would be wrong for us to disturb that rule, even although we thought it unsound. It has been settled for at least 100 years, as may be seen by tracing the cases back from Seagrave v. Seagrave, 13 Ves. 439, and Jee v. Thurlow, 2 B. & C. 547. The earliest cases that I need mention are Sidney v. Sidney, 3 P. Wms. 269, decided in 1734, and Blount v. Winter, 3 P. Wms. 276 N, decided in 1781; in these cases the matter was discussed, and from the time of these decisions it has not been seriously argued in courts of either law or equity. I am aware that dicta may be found in the Court of Arches (see Sullivan v. Sullivan, 2 Addams, 299) which are not altogether in accordance with the view which has been taken in other cases. But this is a mere action at common law for an annuity due under a deed, and to that action adultery is no answer. That I take to be perfectly settled."

The rule applied in Fearon v. Earl of Aylesford, supra, was followed in Sweet v. Sweet, 1 Q. B. D. 12 [1895]. In 21 Cyc. 1597 the rule is stated as follows:

"The subsequent adultery of the wife will not, in the absence of a stipulation to the contrary, cause the setting aside of a valid deed of settlement."

In Galusha v. Galusha, supra, it was held that a separation agreement was valid and was not invalidated by a subsequent adultery of the husband and the granting of a decree of absolute divorce in favor of the wife against the husband on that ground. Judge Parker, referring to the agreement of separation, said:

"After its making it was not in the power of either party, acting alone and against the will of the other, to do an act which would destroy or affect that contract. The act of adultery did not of itself subvert the marriage contract. It enabled the wife, through the aid of the courts, to relieve herself from the legal restraint of the marriage tie. But she need not have availed herself of that privilege. She might have determined to condone the offense. Condonation is favored in the law. The wrongful act of the husband then did not of itself avoid even the marriage contract. Much less was it potent to affect a contract founded, not upon a promise to faithfully observe the marriage vows, but instead upon a legal obligation to support and maintain the wife."

In Dixon v. Dixon, 24 N. J. Eq. 133, in an action to set aside a deed of settlement it was held that the adultery of the wife subsequent to the making of the deed furnished no ground for relief.

Mr. Bishop, in his work on Marriage, Divorce and Separation (section 1282) says:

"With us, such separation deed does not ordinarily or necessarily preclude a divorce, even for an antecedent offense; but under special circumstances, and when expressed in special terms, it may amount to a condonation. So, likewise adultery or other misconduct of the wife or the bringing of a divorce suit against the husband or her marriage to another person does not necessarily or ordinarily make void his covenant to pay money to her; yet the writing may be in terms and admit of this consequence."

The only case contrary to these authorities, which has been called to our attention, is the case of Roth v. Roth, 77 Misc. Rep. 673, 138 N. Y. Supp. 573. That case was decided in the County Court. We do not regard it as well decided. It does not follow that, because the adultery of the wife may bar her from asserting certain rights that she otherwise has against her husband (Hawkins v. Hawkins, 193 N. Y. 419, 86 N. E. 468, 19 L. R. A. [N. S.] 468, 127 Am. St. Rep. 979, 15 Ann. Cas. 371; Muth v. Wuest, 76 App. Div. 332, 78 N. Y. Supp. 431; Keller v. Shrady, 40 App. Div. 460, 58 N. Y. Supp. 143), therefore her adultery precludes her from recovering against her husband under the terms of a valid agreement which contains no such provision.

That part of the third defense which alleges that, before the separation agreement was made, the plaintiff committed adultery, also alleges that that fact was unknown to the defendant. The same reasoning which has led us to hold that the adultery of the plaintiff subsequent to the making of the separation agreement is no defense to an action upon the agreement seems to us to require us to hold that the fact that the plaintiff committed adultery before the separation agreement was made constitutes no defense.

We have been referred to no case where this question has been decided. In Dixon v. Dixon, supra, which, as has been stated, was an action to set aside a deed of settlement, the plaintiff contended that before the deed was made the wife had been guilty of adultery and that this fact was concealed from him and unknown to him when the deed was made. The Vice Chancellor held, however, that the evidence was insufficient to establish that the wife committed adultery before the making of the deed of separation and expressed no opinion as to the question of law which would have been presented had the evidence been sufficient. If the parties had intended that that fact should avoid

the separation agreement, it is reasonable to suppose that they would have so provided in the agreement. Nor is the situation in any respect changed by the allegation in the defense that the plaintiff's adultery was unknown to the defendant at the time of making the agreement. The argument of the respondent is based upon the assumption that if the defendant had known that his wife had committed adultery he would not have entered into the separation agreement. This assumption is unwarranted and cannot be indulged in by the court. The court is not required to speculate as to the cause which induced the defendant to enter into the separation agreement. It is sufficient for the court to know that the agreement was entered into, and that it is valid, and that the defendant has repudiated his obligations under it.

[5] If the defendant had alleged that he was induced by fraud to enter into the agreement, whether the fraud was by direct representation of the plaintiff that she had not committed adultery, or by concealment of that fact, a different question would be presented. In such a case the fraudulent representation or the fraudulent concealment of the fact would have furnished the inducing cause which led the defendant to make the contract. Such a defense is not presented in the pleading now before us for consideration. The defense alleged simply asserts that the plaintiff had committed adultery before the articles of separation were signed and that this fact was unknown to the defendant. Such an allegation is not equivalent to an allegation of fraud perpetrated either by direct representation or concealment. Indeed, the defense alleged and the argument of counsel for the defendant are that the contract is void because there has been a failure of consideration. This argument, as we have already shown, rests entirely upon the assumption, which the court, as a matter of law, cannot indulge, that if the defendant had known the facts he would not have entered into the separation agreement.

We conclude therefore that the third alleged defense is insufficient in law upon the face thereof, and that the demurrer thereto should be sustained.

As to the fourth alleged defense, it is unnecessary to say more than that the reasons already given for holding the first alleged defense insufficient require us to hold that it is insufficient and that the demurrer thereto should be sustained.

It follows that the interlocutory judgment appealed from is reversed, with costs to the appellant, and the demurrers interposed to the first, third, and fourth defenses alleged in the answer are sustained, with costs, with leave to defendant to amend within six days after service of a copy of the order entered herewith with notice of entry of the same in the City Court upon payment of costs. All concur.