ADRIENNE L. BOATE, Plaintiff, *v.* GERSHON BOATE, Defendant.

(Municipal Court of the City of New York, Borough of Brooklyn, Second District, January, 1921.)

**Husband and wife — when payment under separation agreement released by divorce.**

> Upon entry of the final decree in a wife's action for divorce, the defendant's legal obligation to support her comes to an end and he is released from the payment of any sum due under a separation agreement which did not in terms provide as to the length of time the weekly payments thereunder should continue.
>
> However, the defendant is liable for any payment falling due prior to the entry of the final decree, and plaintiff is entitled to judgment for the amount thereof.

MOTION for a bill of particulars in an action for separation.

William A. Dempsey, for plaintiff.

Martin & Kesselman (David F. Price, of counsel), for defendant.

LAW, J.  The case is submitted upon an agreed state of facts.  The plaintiff and defendant were husband

Municipal Court of New York, January, 1921. [Vol. 114.

and wife. On or about July 10, 1918, they entered into a separation agreement by which they agreed to live separate and apart from each other during their natural lives. The defendant promised to pay the plaintiff the sum of ten dollars per week for her support and maintenance in the following language of the agreement: " * * * that the said party of the first part shall and will well and truly pay or cause to be paid, for and towards the better support and maintenance of his said wife, the sum of Ten ($10) Dollars per week; the first payment to be made on the date of the signing of this agreement and weekly thereafter, which the said party of the second part does hereby agree to take in full satisfaction for her support and maintenance; * * *." On September 30, 1920, a final judgment of divorce was entered in the Supreme Court, Kings county, in favor of the defendant herein against this plaintiff because of the latter's adultery. The action is to recover sums claimed to have fallen due under the agreement since the entry of the final judgment of divorce, except one weekly payment that fell due prior thereto. The question submitted by stipulation of the parties is whether the entry of the final decree of divorce discharges and releases defendant from the payment of any sum due under the agreement.

I have not been able to find, nor have counsel cited, any decided case directly in point. The plaintiff relies upon the authority of the cases of *Randolph* v. *Field,* 84 Misc. Rep. 403; *Galusha* v. *Galusha,* 116 N. Y. 635, and *Clark* v. *Fosdick,* 118 id. 7. But in none of these cases had a final judgment of divorce been granted the defendant because of the adultery of the plaintiff. In the case of *Randolph* v. *Field, supra,* it was held that in an action by a wife to recover payments alleged to be due under a separation agreement, neither adultery on her part before the separation

agreement was made, though unknown to defendant, nor her adultery thereafter, is a defense. This case simply adopted the well-settled rule in England as laid down in *Fearon* v. *Earl of Aylesford,* 14 Q. B. Div. 792. The rule is sound, but it rests upon reasons not applicable to the instant case. The obligation of the husband to support and maintain his wife and to pay for necessaries purchased by her is not dependent upon her good conduct, nor upon her fidelity to the marriage vow. He is bound to support her because of the marriage relation. In *Galusha* v. *Galusha, supra,* Judge Parker said: '' Because of the marriage relation the husband was bound to support his wife. This legal obligation constituted the basis for a settlement of their affairs, and the making of an agreement by which it should be definitely determined how much he should be obliged to contribute, and she entitled to receive from him, for her support.'' The separation agreement simply defines to the mutual satisfaction of the parties the husband's legal obligation to support his wife. Hence it follows that he would be liable under such an agreement for the payments therein provided, certainly so long as the marriage relation continued to exist.

In the cases of *Galusha* v. *Galusha, supra,* and *Clark* v. *Fosdick, supra,* it was held that the agreement was not invalidated by a subsequent violation of the marriage vow on the part of the defendant, nor by the granting of a decree of divorce to the plaintiff. Again these cases are clearly distinguishable in principle from the instant case. Where the wife has recovered a final judgment of divorce against the husband, his liability to provide for her support does not cease. The statute empowers the court to require the wrongdoing husband to provide for the support of the wife. The agreement creates an express contractual obliga-

Municipal Court of New York, January, 1921. [Vol. 114.

tion substituted by the act of the parties for the husband's general legal obligation to support and maintain his wife while the marriage relation exists. The express contractual obligation is equally a substitute for his liability to provide for her support by order of the court after she has recovered a judgment of divorce against him. The agreement is a bar to the allowance of alimony. So holding in the case of *Galusha* v. *Galusha, supra,* the court said: " The argument that upon the granting of the decree of divorce there was a failure of consideration to support the agreement is without force." Clearly that would be so.

But in the instant case the husband (defendant) has recovered a final judgment of divorce against the wife, the plaintiff herein. His legal obligation to support her because of the marriage relation has come to an end. The court has no power to require him to pay alimony or in any manner to provide for her support. Unless he is to be held under the naked terms of the agreement, he is as free of obligation to her and of liability to provide for her support as before the marriage relation was contracted. The payments under the agreement would no longer represent any legal or moral obligation whatsoever. And yet it is contended that because there was a consideration for the agreement at the time it was made, the defendant must go on making the weekly payments to the plaintiff for the balance of her life. I cannot subscribe to that view.

That there can be a failure of consideration because of events happening after the making of the separation agreement would seem to have support in the *Galusha* case, above cited. At page 643 the court says: " The consideration for an agreement of separation fails, and the contract is voided when separation does not take place; or where, after it has taken place, the

parties are reconciled and cohabitation resumed.'' If the consideration fails where the parties are reconciled and cohabitation resumed, it would seem clear that the consideration would equally fail when the defendant is released from all legal obligation and liability resulting from the marriage relation.

But there is still another ground for holding that the defendant is no longer liable under the terms of the agreement. I think there was an implied condition that the defendant's obligation to make the weekly payments should terminate with his marriage obligation to support the plaintiff and his liability to provide such support by order of the court or otherwise. It will be observed that there is no express provision in the separation agreement as to the length of time the weekly payments shall continue. The agreement does not say that the payments shall be made during the plaintiff's natural life. The plaintiff does agree to take the payments '' in full satisfaction for her support and maintenance.'' It seems clear, then, that it was not within the contemplation of the parties that the defendant's obligations under the agreement would survive a decree of absolute divorce in favor of the. defendant because of the plaintiff's adultery. The agreement was in lieu of his legal obligation and liability to provide '' support and maintenance,'' and was so accepted by the plaintiff. If such legal obligation and liability ceased to exist, there would no longer be any just basis for the weekly payments under the agreement, and it is reasonable to presume that the parties contemplated that the operation of the agreement would be limited accordingly. If, from the nature of the contract, it is apparent that the parties contracted on the basis of the continued existence of the defendant's liability to furnish support because of the marriage, the implied condition exists, and it

is presumed that the contract was made upon such condition and that the parties contemplated the continued existence of the defendant's marriage liability for the support of the plaintiff. *Dexter* v. *Norton,* 47 N. Y. 62–65; *Stewart* v. *Stone,* 127 id. 500. It could hardly have been within the contemplation of the parties that the defendant would go on making the weekly payments for the plaintiff's " support and maintenance " after a decree of absolute divorce had relieved him of the legal liability for which the agreement was a mere substitute.

So far as concerns the payments falling due under the agreement after September 30, 1920, the date of the entry of the final decree of divorce, judgment should be in the defendant's favor. To hold otherwise would shock the common sense of justice. However, I think the defendant would be liable for any payments falling due prior to the entry of the final decree. In her bill of particulars the plaintiff alleges that the defendant " has failed to pay plaintiff the said sum of Ten ($10) Dollars per week from the 25th day of September, 1920 to date." The stipulation of the parties does not in express terms admit the allegations in the plaintiff's bill of particulars, but it is obvious that such was the intention. It appears, therefore, that a weekly payment came due September 25, 1920. The plaintiff is, therefore, entitled to judgment for ten dollars.

Judgment for plaintiff.