No opinion. Holán, P. J., Carswell, Adel and Sneed, JJ., concur; Johnston, J., concurs for affirmance of the order of December 24, 1947, on plaintiff’s appeal; but (1) on defendant’s appeal dissents and votes to modify the order of December 24, 1947, by striking out the second ordering paragraph, and to vacate the judgment entered on said order on December 29, 1947; and (2) to dismiss defendant’s appeal from the order of February 25, 1948, as academic, with the following memorandum: The remedy to recover judgment for past alimony is in the nature of an action in equity. (Moore v. Moore, 143 App. Div. 428, 433, affd. 208 N. Y. 97.) In any event, the equitable defense that plaintiff knowingly acted in violation of the decree may be considered (Smith v. Smith, 255 App. Div. 652, 656), especially where, as here, the entry of judgment under section 1171-b of the Civil Practice Act is discretionary. (McCanliss v. McCanliss, 268 App. Div. 138.) Under circumstances exactly similar to the case at bar the court refused to punish a husband for contempt for failure to pay alimony to the wife. (Harris v. Harris, 197 App. Div. 646.) The principles applicable to a motion to punish for contempt are applicable here. It also has been held that a wife who violates a separation agreement by denying to the husband the right of visitation granted to him therein is not entitled to recover payments thereunder due to her for her benefit. (Duryea v. Bliven, 122 N. Y. 567; Muth v. Wuest, 76 App. Div. 332.)