BERNARD D. GOULD, Plaintiff, *v.* ROSELYN GOULD, Defendant.

Supreme Court, Special Term, New York County, June 1, 1950.

*David S. Kumble* for defendant.

*Nathan R. Shapiro* and *Alfred H. Kleiman* for plaintiff.

GAVAGAN, J. Motion for summary judgment is granted. This is an action for divorce. Plaintiff and defendant married in this State. Thereafter they separated and entered into a separation agreement. By the terms of this agreement it was provided that the same would be incorporated in any divorce decree entered in New York or elsewhere, subject to the approval of the court granting the decree.

Defendant wife obtained a divorce in Nevada on March 21, 1950. The agreement was included by reference. The adultery relied upon in this cause antedates the foreign decree. Plaintiff's theory is that this adultery terminated his liability under the agreement. Under the authority of *Boate* v. *Boate* (114 Misc. 321, affd. 115 Misc. 689 [2d Dept.]), a decree granting plaintiff a divorce on the ground of defendant's adultery might relieve him from the obligation of paying, but in the absence of such a decree there is an obligation to perform the agreement, at least until defendant elected to abandon it. On the other hand, it may well be that the obligation would survive defendant's adultery (*Randolph* v. *Field,* 84 Misc. 403, revd., on other grounds, 165 App. Div. 279 [1st Dept]). But, in

either event, in the present status of events defendant is entitled to recover on the agreement to the extent sought.

The motion for judgment is, therefore, granted and the action is severed as to the counterclaim and the clerk is directed to enter judgment for the amount therein asked, with interest and costs. A five-day stay of execution is granted plaintiff. The validity of the foreign decree is not determined.