ELLA ROSS LAUGHRIDGE v. HOWARD ALFORD LOVEJOY, JR.

(Filed 12 December, 1951.)

**Divorce § 21—**

Unpaid installments for the support of the child of the marriage past due under a decree of another state may not be modified by our court in action here to enforce payment, and defendant is not entitled to allege as a defense the wife's violation of a provision of the decree that he should

be allowed to visit the child at reasonable times and places, such matter being proper only in a petition for modification of the original decree in the court of its rendition.

APPEAL by defendant from *Sink, J.,* April Term, 1951, of MECKLEN-BURG.

This action was instituted in the Superior Court of Mecklenburg County, North Carolina, 1 August, 1949, by the plaintiff, a citizen and resident of Jefferson County, Alabama, for the purpose of obtaining a judgment against the defendant for past due and unpaid monthly installments alleged to be due by the defendant to the plaintiff for the support and maintenance of their minor child, pursuant to the terms of a judgment theretofore entered in the State of Alabama.

The material facts are not in dispute and may be summarily stated as follows:

1. The plaintiff and defendant were married and one child, Howard Alford Lovejoy, III, was born of the marriage prior to 23 October, 1945.

2. On the above date, the plaintiff, then Ella Ross Lovejoy, wife of the defendant, instituted an action for divorce against him in the Circuit Court, Tenth Judicial Circuit, of Alabama—Equity Division. Process was duly served on the defendant, and he appeared in person and filed an answer to the plaintiff's complaint. The plaintiff was thereafter granted an absolute divorce from the defendant and awarded a lump sum settlement in lieu of alimony. Pursuant to an agreement of the parties filed in the cause, the custody of the minor child was awarded to the complainant, the mother, "with the right of the respondent, the father, to visit said child at reasonable times and places." The decree further directed the defendant to pay to the plaintiff the sum of $50.00 per month for the support and maintenance of their minor child.

3. The plaintiff, who has since intermarried with one Laughride, alleges that the defendant paid to the plaintiff, irregularly, these monthly installments under and pursuant to the above judgment, but has unlawfully and wrongfully discontinued the payments as required by the order; that plaintiff has demanded payment thereof, but the defendant has failed and refused to pay said past due installments; and that as of 28 July, 1949, the defendant was due the plaintiff, under the terms of the aforesaid judgment, the sum of $1,200, and that such judgment is still in full force and effect in the State of Alabama.

4. The defendant filed an answer to the complaint and does not deny the material allegations thereof, but set up a Further Answer and Defense thereto in which he alleges, among other things, that since the plaintiff and defendant were divorced he has been unable to see his child; that not long after the divorce was granted, plaintiff remarried and her whereabouts were unknown to him; that he sought through his counsel to

find out where she was in order that he might have an opportunity to visit his child; that after repeated efforts he was unable to communicate with his wife; "that after he became unable to see and visit his child, the defendant stopped making payments provided in said divorce decree, for the reason the plaintiff was violating the terms of said decree relating to the child by not giving the defendant the privilege of visiting said child.

The plaintiff, through her counsel, moved to strike out the defendant's Further Answer and Defense, which motion was allowed, and the defendant appeals and assigns error.

*G. T. Carswell and Shannonhouse, Bell & Horn for defendant, appellant.*

*McRae & McRae for plaintiff, appellee.*

DENNY, J.  The defendant contends he is entitled to plead the failure of the plaintiff to give him an opportunity to visit his child "at reasonable times and places," as provided in the decree awarding custody of the child to the plaintiff, as a defense to her action for the collection of past due and unpaid installments due by him, under the provisions of the decree, for the support and maintenance of his child.

Such alleged violation of the provisions of the decree, if found to be true, might be adjudged sufficient to entitle the defendant to a modification of the decree upon a proper petition or motion lodged in the Alabama court in which the original decree was entered.  However, under the full faith and credit clause of the Constitution of the United States, the courts of this State are without jurisdiction to modify or alter a duly entered judgment in a court of competent jurisdiction in another state. 31 Am. Jur., Judgments, section 535, page 145; 50 C.J.S., Judgments, section 890, page 492; *Allman v. Register,* 233 N.C. 531, 64 S.E. 2d 861; *Willard v. Rodman,* 233 N.C. 198, 63 S.E. 2d 106; *Howland v. Stitzer,* 231 N.C. 528, 58 S.E. 2d 104; *Lockman v. Lockman,* 220 N.C. 95, 16 S.E. 2d 670.

The defendant is relying upon those cases where the parties entered into a separation agreement and the wife violated the provisions thereof with respect to the right of the husband to visit his children, citing *Cole v. Addison,* 153 Ore. 688, 58 Pac. 2d 1013, 105 A.L.R. 897; *Duryea v. Bliven,* 122 N.Y. 567, 25 N.E. 908; *Muth v. Wuest,* 76 App. Div. 332, 78 N.Y.S. 431; *Haskell v. Haskell,* 201 App. Div. 414, 194 N.Y.S. 28, (aff. 236 N.Y. 635), 142 N.E. 314; *Myers v. Myers,* 143 Mich. 32, 106 N.W. 402. An examination of these cases, however, discloses, in each instance, that it was an original action to enforce the provisions of a separation agreement and the husband set up an alleged breach thereof as a bar to its enforcement, or it involved a petition or motion, lodged in the court which granted the original decree, for its modification.

It seems to be the general rule that where the wife is awarded the custody of the child and the father is given the right to visit it, and the order requires him to make periodic payments for the support of the child, the order for such support will not be construed as being conditioned on the father's right of visitation which he may claim has been denied him. 27 C.J.S., Divorce, section 319, page 1206; *Zirkle v. Zirkle,* 202 Ind. 129, 172 N.E. 192; *Hatch v. Hatch,* 15 N.J. Misc. 461, 192 Atl. 241; *Firestone v. Firestone,* 158 Penn. Super. 579, 45 Atl. 2d 923.

Moreover, it does not appear in the decree entered by the Alabama court on 24 October, 1945, that the plaintiff and the defendant ever entered into a separation agreement, but that they only filed with the court an agreement to the effect that the custody and control of the minor child of the marriage should be awarded to the mother with the right of the respondent, the father, to visit the child at reasonable times and places, and that the respondent would pay the claimant, as support and maintenance of such child, the sum of $50.00 per month, and the decree was so entered.

Furthermore, past due and unpaid installments for alimony for the support of a wife and children under a divorce decree duly entered in the State of Alabama, seems to be as absolute and final as any other decree for the payment of money. Upon a proper petition, supported by competent evidence, a decree for alimony and support of children may be modified in that jurisdiction with respect to future installments. *Rochelle v. Rochelle,* 235 Ala. 526, 179 So. 825; *Epps v. Epps,* 218 Ala. 667, 120 So. 150.

The ruling of the court below is
Affirmed.