## MORGAN v. MORGAN.
No. 130, Docket 22527.

United States Court of Appeals
Second Circuit.

Argued Jan. 15, 1953.

Decided Feb. 5, 1953.

MacFarlane, Harris, Dankoff, Martin & Smith, Rochester, N. Y., for plaintiff-appellee; Darrow A. Dutcher, Rochester, N. Y., of counsel.

Lombardo & Pickard, Jamestown, N. Y., for defendant-appellant; Clarence G. Pickard, Jamestown, N. Y., of counsel.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The plaintiff and the defendant were married in 1935. In 1946 they executed an instrument, dated March 9 and acknowledged March 11 of that year, which provided that they should live apart and would not molest one another. A division of their properties was made and the plaintiff agreed not to compete with the business previously conducted by herself and her husband jointly. They further agreed that the wife should have custody of their three children but the husband was to have the right to visit them at any reasonable time of day and to have them with him for one month during the summer vacation. The defendant agreed to pay $60 to his wife semi-monthly on the first and fifteenth days of the month. The present action was brought to recover these payments for the period from March 15, 1946 to June 29, 1949, at which latter date plaintiff married Kenneth D. Holland. No claim is made for payments that were due in April, May and June 1946, since these had already been made. The complaint alleged that the plaintiff had fully performed her obligations under the separation agreement but that she was compelled to remove herself and her children from Jamestown, New York, where she and her husband had lived, to California because of acts of molestation committed by the defendant. The answer denied that the move to California was justified, and alleged that the plaintiff had violated the separation agreement by preventing the defendant from exercising his right to visit the children and to have them with him for a month during the summer. A separation decree obtained by the defendant in the Supreme Court of the State of New York in 1948, awarding him custody of the children, and a divorce secured in Nevada by the plaintiff in 1946 were asserted as an affirmative defense to the complaint. The trial judge set aside a verdict for the plaintiff rendered by the jury and ordered a new trial on the motion of the defendant. This ruling appears to have been due to the failure of the plaintiff to show that she had not herself broken the agreement of separation without justification.

■ On the retrial the judge left to the jury the question whether the plaintiff's removal to California was justified by the defendant's actions and the jury again held for the plaintiff. The verdict if generally justified should be reduced by $150 since the plaintiff now admits that the defendant was not credited with payments actually made in that amount. The defendant claims a further credit of $60, asserting that checks withdrawn by the plaintiff from the account of the company conducted by the defendant and herself shortly prior to the separation agreement and a check for $10 for household expenses given by the defendant to the plaintiff a few days after the agreement was entered into were regarded by the parties as constituting the first payment. There was no evidence that the parties intended these checks to satisfy the initial payment and the verdict, which did not take them into account as a payment, precludes their application for such purpose.

■■ In instructing the jury, the judge charged: "The question for your determination is whether the plaintiff violated the separation agreement by removing from her home, taking her three children out of access by the husband and whether this removal was justified by the actions of the defendant. If she did so remove without the right to do so, she cannot recover." Later in the charge, he added: "The case, as I said, boils down to just the question of the rights of the parties under this agreement. Whether the defendant violated the agreement to that extent that it exonerated her from the liability to keep her children here and performing the other

parts of the contract or whether she violated the contract by taking these children away without reasonable cause." This is an accurate statement of the law of New York. While an unreasonable refusal by the plaintiff to allow the defendant to visit the children would relieve the defendant of his obligation to make the payments under the agreement, the question as to whether the defendant's acts were such as to justify the removal to California was correctly left to the jury. Duryea v. Bliven, 122 N.Y. 567, 25 N.E. 908; see Muth v. Wuest, 76 App.Div. 332, 78 N.Y.S. 431; Matter of Noel's Estate, 173 Misc. 844, 19 N.Y.S.2d 370. There was evidence, though disputed, that the husband did abuse and intimidate the plaintiff so that she was justified in removing her children to California. Consequently, under the law of New York and the record thus presented the jury could find that she was entitled to do this even though the result was a deprivation of the husband's general right of visitation under the contract of separation.

■ The delay of two and one-half years in bringing this suit was not necessarily a waiver of the plaintiff's rights as a matter of law. Cf. Matter of Nutrizio, 145 Misc. 626, 260 N.Y.S. 401. As the judge said in his charge, the delay clearly bore on her good faith in removing the children from Jamestown, New York, which was the original domicile of herself, her children and the defendant. The jury failed to find that there had been a waiver and its action was not without substantial support in the evidence.

■ Some of the questions asked of the defendant on cross-examination as to whether he was arrested or convicted for disorderly conduct or intoxication were improper attempts to impeach him as a witness, but they were so held by the judge who told the jury to disregard them. We cannot think a judgment for the plaintiff after two separate trials resulting in verdicts in her behalf should be reversed on any such trifling ground. Certain improper remarks by the plaintiff, asserted as error, were stricken by the court and were not sufficiently important to justify reversal. Fed.Rule Civ.Proc. 61, 28 U.S.C.A.; 28 U.S. C.A. § 2111. The complaint that the judge required incompetent parts of a deposition to be read aloud within the jury's hearing before ruling on the defendant's objection also is without merit. No request was made that the jury be excused while the objections were taken. Moreover, the testimony was stricken and was not of such a nature as to call for a reversal.

■ The defendant contends that the New York separation decree awarding him custody of the children is a bar to this action. Assuming that the New York court had jurisdiction to enter such a decree, we do not think that the defendant's obligations under the contract were thereby altered. A separation agreement, like any other contract, may be impeached on grounds of fraud or duress. Galusha v. Galusha, 138 N.Y. 272, 33 N.E. 1062; cf. Johnson v. Johnson, 206 N.Y. 561, 100 N. E. 408. But a decree of divorce or separation leaves the obligations under such an agreement unaffected. Galusha v. Galusha, 116 N.Y. 635, 22 N.E. 1114, 6 L.R.A. 487; Cain v. Cain, 188 App.Div. 780, 177 N.Y.S. 178; see Goldman v. Goldman, 282 N.Y. 296, 26 N.E.2d 265. The agreement here provided: "The husband shall pay to the wife the sum of One Hundred and Twenty Dollars ($120.00) per month, semi-monthly on the first and fifteenth day of each and every month, said sum to be reduced by the sum of Twenty Dollars ($20.00) in the event that any of the said children shall die, become eighteen years of age, or marry, or become self sufficient whichever contingency first occurs." None of these contingencies had occurred so that the separation agreement clearly remained unimpaired even though the New York decree awarded the husband legal custody of the children.

In view of the above we hold that a verdict for the plaintiff was justified and that judgment as reduced by $150 should be entered as against the defendant. Accordingly the case is remanded for this purpose.