Assunto Durso, Plaintiff, *v.* Cresendo Durso, Defendant.

Supreme Court, Special Term, Kings County, June 9, 1953.

*Morrell Schwimer* for plaintiff.

*Arthur Kellman* for defendant.

BRENNER, J. Proof having been completed upon trial of this action brought by the wife for a decree of separation, the plaintiff seeks relief identical to that which is provided by a separation agreement made prior to the commencement of the action, except that she now requests increased support payments. The defendant requests that the complaint be dismissed. The agreement requires payment of $30 weekly for the maintenance of the wife and a child of the marriage and provides for custody of the child by the wife with visitation rights to the husband. On February 24, 1953, the attorney for the husband wrote to the wife: '' In view of your repeated violations of the visitation rights afforded my client, your husband, under the separation agreement entered into between you; and its absolute breach on your part, you are hereby advised that by your action, you have nullified the agreement. My client will not send you any further money until and unless you comply fully and without interference, with the terms of the visitation agreement as provided.''

Upon the evidence, I find that such visitation rights were in fact interfered with by the wife and that until April 23, 1953, when a hearing was had on a writ of habeas corpus, the weekly payments were withheld but nevertheless refunded following resumption of visitation and support payments.

Thus, the wife seeks to substitute a separation decree for the separation agreement, relying upon the letter quoted as proof that the agreement is now a nullity. Her action is without substance if the agreement is still in effect (*Oatman* v. *Oatman*, 267 App. Div. 805).

The letter, objecting to nonperformance by the wife, despite the use therein of the word '' nullified,'' is a mere protest and not a repudiation of the agreement. Its closing sentence discloses the true intent of the writer, that if there be no interference with visitation, support payments will be resumed. It consequently was not an unequivocal renunciation and may not be construed as nullifying the agreement. In fact, the

parties have by stipulation dated April 23, 1953, undertaken to resume performance without prejudice to their respective rights in the present action. Hence, the agreement not having been repudiated by both of the parties (*O'Hara* v. *O'Hara,* 68 N. Y. S. 2d 649), or violated by the husband (*Stoddard* v. *Stoddard,* 227 N. Y. 13; *Haas* v. *Haas,* 64 N. Y. S. 2d 9) it acts as a bar to a separation decree. The oft repeated breach was not by the husband but by the wife so that it ill becomes her to point to it as effectively terminating the agreement. Performance of the condition precedent of visitation rights may of course be waived by the husband for whose benefit it was embodied in the separation agreement. But no such waiver is claimed. The fact that her husband rightly protested her nonperformance does not strengthen her position. Nor does the fact that he temporarily withheld and accumulated the payments, which were subsequently paid over to her on restoration of his right of visitation, alter the situation. It was his clear right to do so (*Duryea* v. *Bliven,* 122 N. Y. 567).

In view of this disposition there is no need to review the evidence or pass upon the issues of abandonment and cruel and inhuman treatment, all of which are alleged to have transpired prior to the execution of the agreement. The provisions for the support and maintenance of the wife and child are not, in the light of the evidence, so obviously insufficient, unfair or inequitable as to require modification (*Goldman* v. *Goldman,* 282 N. Y. 296; *Schmelzel* v. *Schmelzel,* 287 N. Y. 21). Accordingly, the complaint is dismissed.