Omer J. OATES and W. H. Gossett,
Appellants,

v.

S. J. GROVES & SONS COMPANY,
Appellee.

No. 13068.

United States Court of Appeals
Sixth Circuit.

Oct. 26, 1957.

Thomas E. Sandidge, Owensboro, Ky. (Carroll Franklin, Madisonville, Ky., on the brief), for appellants.

Morton Holbrook, Owensboro, Ky. (Marvin Borman, Minneapolis, Minn., Robert L. Sloss, Gordon B. Davidson, Louisville, Ky., on the brief), for appellee.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

Appellants transferred and assigned to appellee certain leases of coal acreage, which gave the lessee for a period of five years the right to strip-mine and remove coal from the lands involved with payment of a stipulated royalty on each ton of coal mined. Appellee covenanted to perform all obligations imposed upon the lessee therein, including that of continuously strip-mining said coal, and to

pay monthly to appellants an overriding royalty on the coal mined and marketed under the leases. Operations were commenced by appellee, but were continued less than a month, at which time appellee removed its equipment and personnel, discontinued paying the royalties and abandoned the premises.

Appellants instituted this action for breach of the assignment contract and to recover damages in the amount of $202,700 as the amount of the overriding royalty on the coal tonnage that could and should have been produced through reasonable operation from the acreage involved.

Appellee by its answer stated that it had diligently mined in an efficient and workmanlike manner extensive portions of the leased lands, but the coal produced therefrom was of such grade and quality as to be unmarketable at a price at which it could realize a profit therefrom. Under the applicable Kentucky law, such facts, if established by the evidence, would be a valid defense to the action. Winco Block Coal Co. v. Evans, 256 Ky. 487, 76 S.W.2d 241; Auxier Coal Co. v. Big Sandy & Millers Creek Coal Co., 194 Ky. 14, 238 S.W. 189.

The District Judge, hearing the case without a jury, found for the appellee on this factual issue and dismissed the complaint.

 The evidence for the respective parties was in sharp conflict. Credibility of the witnesses was a matter for the District Judge. We are of the opinion that the finding was not clearly erroneous and that it must be accepted on this review.

 Appellants complain of the alleged error on the part of the District Judge in reading during a recess in the trial a deposition, properly taken by appellee upon notice, and filed in the Clerk's office by mail, but which was not formally introduced in evidence by the appellee. Failure to give notice of its filing under Rule 30(f)(3), Rules of Civil Procedure, 28 U.S.C.A., was waived in the absence of a motion to suppress.

Rule 32(d), Rules of Civil Procedure. When Court reconvened, the District Judge advised counsel that he had read the deposition and asked appellee if it had any further witnesses to call. Appellant's counsel stated that he had received no notice of it being filed and added "I have no obection to it, however." In the absence of any further objection, which could have been met by formal introduction in evidence of the deposition, we do not think appellant's contention has merit. In any event, the deposition dealt with no new fact not otherwise fully covered by other competent evidence, and in our opinion was not prejudicial. Section 2111, Title 28, U.S. Code; United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 235, 60 S.Ct. 811, 84 L.Ed. 1129; Morgan v. Morgan, 2 Cir., 201 F.2d 868, 870; Smith v. Township of Au Gres, Mich., 6 Cir., 150 F. 257, 260, 9 L.R.A.,N.S., 876.

The judgment is affirmed.