Arthur A. Klotz, J.
Plaintiff moves for summary judgment. The action was instituted to recover for arrears of support payments for the infant daughter of the parties. The first cause of action is based upon a separation agreement between the parties. The second cause is upon a Mexican divorce decree which incorporated the terms of the separation agreement. The amount claimed to be in arrears is not disputed. Defendant contends that plaintiff breached the visitation provisions of the separation agreement and urges that this is a sufficiently meritorious defense to defeat this motion. A factual dispute is present with regard to this and the only question for determination is whether the defense is adequate as a matter of law.
I am of the opinion that a father who is deprived of Ms visitation rights under a separation agreement need not comply with the stipulation relating to the support of the child. The covenant for support is dependent upon the covenant for visitation rights because the support payments to the child are clearly based upon the right of the father to see and visit his child under the terms of the separation agreement (see Borax v. Borax, 4 N Y 2d 113, 116; Duryea v. Bliven, 122 N. Y. 567; Haskell v. Haskell, 201 App. Div. 414, affd. without opn. 236 N. Y. 635; Goldner v. Goldner, 284 App. Div. 961, affd. without opn. 309 N. Y. 675; Levitt v. Levitt, 18 A D 2d 1051; Richards v. Richards, 5 Misc 2d 46, 53; Matter of Noel, 173 Misc. 844; Goodman v. Goodman, 17 Misc 2d 712; Schwarts v. Spergel, 90 N. Y. S. 2d 439; Morgan v. Morgan, 201 F. 2d 868).
Therefore, as to the first cause of action, there are issues of fact as to the alleged breach of provisions in the separation agreement for the visitation rights of the defendant and their dependency upon the support provisions of the child, which can only be decided at a trial of this action (see Levitt v. Levitt, supra).
Matter of Strecker v. Strecker (10 A D 2d 312) cited by plaintiff, is clearly distinguishable for the reason that in the Strecker case a proceeding before the Domestic Relations Court was in issue and a hearing had been held in the Domestic Relations Court whereas the issue of breach of the visitation provisions herein is being submitted on affidavits on a motion for summary judgment, where no hearing or trial has been held.
The Mexican decree incorporated the separation agreement with a proviso that the agreement should survive and not be *492 merged in the decree. The decree provides, inter alla, that the infant “ shall remain under the custody of the plaintiff mother in accordance with the provisions of the separation agreement entered into between the spouses.” It is obvious that the support and visitation rights and obligations of the parties arose from the separation agreement, and the issues that are present in the first cause of action are likewise issues to be decided at a trial (see Webster v. Webster, 14 Misc 2d 64, 68).
Kaminsky v. Rick (10 N. Y. S. 2d 503) cited by plaintiff, is distinguishable for the reason that in the Kaminsky case there had been a habeas corpus proceeding where the rights of visitation were conditioned upon the payment for the child’s support. The Mexican divorce decree herein did not make visitation to defendant conditioned upon the support payments for the child.
In Bhmberg v. Blumberg (117 N. Y. S. 2d 906, affd. without opn. 280 App. Div. 986) the, general statement of law made in the lower court was merely dictum.
In Meiners v. Chinigo (283 App. Div. 1096) it was alleged that plaintiff breached the provisions for visitation rights prior to the Nevada divorce decree. Therefore, defendant husband could have raised that issue in the Nevada court and hence the judgment of that court conclusively determined that issue. Here, the alleged breach of the visitation provisions was made after the Mexican divorce was granted. There is, therefore, no element of res judigata in the present action. The other cases cited by plaintiff are likewise not applicable. The motion is accordingly denied.